UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION - CINCINNATI

| | |
|---|---|
| CLIFFORD STEVENS and<br>CYNTHIA L. STEVENS<br><br>Plaintiffs,<br><br>v.<br><br>BUILDERS SQUARE, INC.,<br>DAVIDSON LADDERS, INC.,<br>DAVIDSON LADDERS<br>TENNESSEE, INC.,<br>DAVIDSON<br>MANUFACTURING<br>CORPORATION,<br>LOUISVILLE LADDER<br>CORP., LOUISVILLE<br>LADDER GROUP, LLC,<br>CUPRUM S.A. de C.V. and<br>EMERSON CO.<br><br>Defendants. | CIVIL ACTION NO. C-1-00-901<br><br>PLAINTIFFS CLIFFORD STEVENS and CYNTHIA STEVENS RESPONSE TO THE DEFENDANTS' MOTION TO EXTEND THE EXPERT DISCLOSURE DEADLINE AND<br>PLAINTIFFS' MOTION<br>1. TO STRIKE THE DEFENDANTS' INTERROGATORIES PROPOUNDED TO PLAINTIFFS AND DEFENDANTS REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS/ALTERNATIVELY FOR A PROTECTIVE ORDER AGAINST THE CURRENT AND ANY FURTHER DISCOVERY SOUGHT BY THE DEFENDANTS<br>2. FOR AN ORDER DIRECTING THE DEFENDANTS TO PROVIDE THE PLAINTIFFS FORTHWITH WITH THE WRITTEN OPINION OF MIKE VAN BREE |

Now comes the Plaintiffs, by and through counsel, and opposes the Defendants' Motion to extend the Expert Discovery Deadline, and move this Honorable Court for the orders set out in the caption hereof. A hearing is requested.

Respectfully submitted,

RAYMOND BECKER (0041641)
Trial Attorney for Plaintiffs
324 Reading Road
Cincinnati, Ohio 45202-1366
(513) 241-6748
Fax # 241-1615

<u>**MEMORANDUM IN SUPPORT OF:**</u><br>
<u>**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO EXTEND EXPERT**</u><br>
<u>**DSICLOSURE**</u><br>
**AND**<br>
<u>**PLAINTIFFS' MOTION TO STRIKE THE DEFENDANTS' INTERROGATORIES**</u><br>
<u>**PROPOUNDED TO PLAINTIFFS AND DEFENDANTS REQUEST FOR**</u><br>
<u>**PRODUCTION OF DOCUMENTS AND THINGS/ ALTERNATIVELY FOR A**</u><br>
<u>**PROTECTIVE ORDER AGAINST THE CURRENT AND ANY FURTHER**</u><br>
<u>**DISCOVERY SOUGHT BY THE DEFENDANTS**</u>

**1. STATEMENT OF FACTS**

The Plaintiff Clifford Stevens purchased the ladder in question new on the **3rd October 1998.** The first use of the ladder on the **17th October 1998** resulted in the **injuries to the Plaintiff, Clifford Stevens.**

Negotiations were commenced with at least the Defendant Cuprum through the offices of Edward E. Cooke and Associates **in early 1999.** The Defendant Cuprum is one of the Defendants presently represented of record by Counsel seeking the extension on behalf of all the Defendants. By **May 15th 1999 the expert employed to investigate the matter, James Sunderlinn, had prepared and presented his report following a thorough investigation of both the ladder in question and the location of the fall.**

**Action was commenced** in the Court of Common Pleas Butler County against the Defendants on the **19th September 2000.** By Notice of **Removal**

was filed on the **26th October 2000** by the Defendants. The matter was removed to the above Honorable Court on the basis of diversity.

Plaintiffs were advised, notwithstanding formal requests in terms of the Rules of this Court, that the Defendant Cuprum had not and would not be receiving service of the papers in the matter. The Plaintiff embarked on an expensive and lengthy process of obtaining service.

On or about **November 30th 2001 Defendants Counsel personally inspected the entire ladder in question**, its movements, the locations of the marks on the rungs the fractured rung lock, the base, feet, rope, etc. The Defendants' most recent expert, **Mike van Bree, was scheduled to inspect the ladder on January 31st 2001**. This was **cancelled by the Defendants** and **re-scheduled for April 9th 2002, again cancelled and rescheduled for April 15th 2002**. This latter date was obtained after the **settlement conference scheduled for the 9th April 2002** had been **moved on the Defendants Motion** and before a response could be filed. The **Court reset the settlement conference for August 29th 2002**. On the 28th August 2002 the Plaintiffs received a faxed copy of the Motion for stay of proceedings from the Defendants for a year.

The ladder in question together with the rung lock piece has been made available for inspection and testing for approximately four years, has been seen and physically handled by the Defendants counsel and two experts on behalf of the defendants.

3

## LATE DISCOVERY SOUGHT BY DEFENDANTS

By **Order of this Honorable Court** filed on **April 18th 2003 the cut off date for discovery** was again extended to and on this occasion **set at September 1, 2003**.

On or about **September 2nd 2003 under cover of a letter date August 28th 2003**, the Plaintiffs' received the "Defendants' Interrogatories and Requests for Production of Documents and Things Propounded to the Plaintiffs" along with the Motion for Extension of Expert Disclosure Deadline". The Plaintiffs have still not received a copy of the report of the Expert Mike Van Bree, relied upon for the earlier filings by the Defendants in this matter, notwithstanding requests for such disclosure prior to his scheduled deposition.

The aforesaid correspondence contains reference to and a request for, at this late stage of the proceedings, providing the ladder and rung lock piece for examination in a laboratory setting. **The ladder and rung lock piece has been available for such purpose for close to four years**. The ladder and rung lock piece has been made available to the Defendants for inspection and testing since the inception of this matter.

The Plaintiffs had some eight months ago requested further Interrogatories be answered by the Defendants well in time for any Court deadlines. The Defendant declined to answer these. The Plaintiffs, even if inclined to continue implicit sanctioning of the delays introduced and caused

by the Defendants in this matter would be out of time for compliance with this Courts Order.

Based on the ample time that has been available to the Defendants to obtain all the discovery needed, the Plaintiffs oppose this continuous last minute action of the Defendants to seek this Court's further indulgence in sanctioning a continuance so that it may embark on procedures which heretofore have been capable of completion by the simple and minimal exercise of good faith by such Defendants.

The Defendants have identified informally through pleadings and correspondence both pre- and post-suit the experts James Sunderlinn and Mike Van Bree, respectively. The Plaintiffs have a copy of the opinion of the former but not of Mike Van Bree.

The Defendants have been provided with the opinion of the Plaintiffs' expert Professor N. "Jay" Jayaraman, Department Head of the Metallurgical Engineering Department at the Ohio State University. That report had been provided to the Defendants over **two and a half years ago**, having been disclosed in the Plaintiffs' Disclosure Statement. The report of the Defense Expert, James Sunderlinn, had been prepared and provided well before that time.

**Ample opportunity existed during the time that has lapsed between the incident giving rise to the Plaintiffs' injuries (1998) and the present motion (2003) for the Defendants to complete discovery for compliance with the final disclosure of its expert report and discovery.**

The Defendants have in fact identified and relied on the opinion of a Mike Van Bree as an expert, albeit through proceedings filed to obtain a stay some nine months ago. This continues to be a further step in delaying the finalization of this matter.

The Plaintiffs in this matter have complied with every request for inspection of the ladder in question to the point of numerous **rescheduling of inspections** of the ladder by both Defendants' counsel and Defendants' Expert then identified as Mike Van Bree **at the request of the Defendants**. The Defendants have already cited the purported opinion of their expert, Mike Van Bree in applying for a motion to stay the proceedings almost a year ago. This in and of itself was some considerable period after the inspection of the ladder was finally made by Mike Van Bree in April 2002.

The Defendants continue to embark on a policy of delaying the finalization of this matter. The Defendants removed this matter to this Court from the Common Pleas Court almost three years ago on the basis of diversity. No offer has been extended to settle the matter nor has any serious or good faith effort endeavor been made to investigate this matter within the **deadlines set and reset** by this Honorable Court.

To rely on the averment that "Defendants have not been afforded the opportunity to adequately inspect and test the ladder" is with respectful submission, at its lowest level, more than just a little ingenuous.

The Plaintiffs should neither be denied their day in court nor indeed their right to have the matter expeditiously and fairly determined by the

6

conduct of the Defendants. The delays in this matter have consistently and continually been at the door of the Defendants. The Rules of this Honorable Court were never intended to result in a delay of finality of the proceedings in the nature that has already been imposed on the Plaintiffs.

Plaintiffs respectfully request the Court exercise its discretion in their favor and deny the Defendants' Motion to extend time for disclosing any further expert in this matter.

Plaintiffs further seek an order protecting them from the most recent and any further discovery requests filed by the Defendants in this matter.

Plaintiffs further seek an order requiring the Defendants to disclose the opinion of Mike Van Bree, relied upon in their earlier filings and going to the merits of the defense in this matter.

Respectfully submitted,

RAYMOND BECKER (0041641)
Trial Attorney for Plaintiffs
324 Reading Road
Cincinnati, Ohio 45202-1366
(513) 241-6748
Fax # 241-1615

## CERTIFICATE OF SERVICE

I hereby certify that on, this 10th day of September, 2003, a copy of the foregoing was served upon the following by regular US mail, postage prepaid:

**JOHN TATE and JAMIE K. TATE**
Stites & Harbison
400 West Market Street
Suite 1800
Louisville, KY 40202-3352

and

**JOSEPH P. THOMAS and JENNIFER JANSEN BOUCHARD**
Ulmer & Berne, LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202-2409

_____
RAYMOND BECKER (0041641)
Trial Attorney for Plaintiffs