UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION-CINCINNATI

| | |
|---|---|
| CLIFFORD STEVENS and CYNTHIA L. STEVENS<br><br>PLAINTIFFS<br><br>v.<br><br>DAVIDSON LADDERS, INC., et al.<br><br>DEFENDANTS | CIVIL ACTION NO. 1:00cv901 |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION FOR EXTENSION OF EXPERT DISCLOSURE DEADLINE**

Defendants, Davidson Ladders, Inc., Davidson Ladders Tennessee, Inc., Davidson Manufacturing Corporation, Louisville Ladder Corporation, Louisville Ladder Group, LLC, Cuprum S.A. de C.V., and Emerson Electric Corporation, by counsel, submit this reply memorandum in support of their motion to extend the expert disclosure deadline 30 days, to October 10, 2003.

Plaintiffs will not be prejudiced by this brief extension.  Trial is scheduled to begin on December 9, 2003, with a settlement conference scheduled for November 19, 2003.  Defendants anticipate disclosing at most two expert witnesses.  With an October 10 expert disclosure deadline, plaintiffs will have more than five weeks to depose defendants' one or two experts prior to the November 19 settlement conference.

Although plaintiffs are correct that there have been delays in this case, the delays have centered around the bankruptcy of former defendant Builders Square.  Plaintiffs sued Builders Square at the beginning of this action along with the seven remaining defendants.  Plaintiffs allegedly purchased the ladder that is the subject of this action new from Builders Square in October 1998.  Initial discovery revealed indications that the ladder had been modified or used

between the time of its manufacture in Mexico in 1993 and the date on which plaintiffs purchased it from Builders Square. Builders Square, however, declared bankruptcy in 2002. Thereafter, the parties spent *over a year* focused on attempts to bring Builders Square into this litigation on a limited basis or obtain discovery from Builders Square.

In addition, plaintiffs have previously requested and been granted an extension of discovery and other deadlines in this case. *See* Pl.'s Mot. To Extend Discovery and Other Deadlines, docket # 13. Defendants likewise ask that they be granted a brief extension to allow their experts to complete necessary investigation, analysis, and testing. Since plaintiffs initiated this litigation, the one brief inspection of the ladder defendants' expert has been able to perform was conducted in the presence of plaintiffs' counsel. Plaintiffs have now agreed to allow defendants temporary exclusive possession of the ladder in question for laboratory and other testing. The necessary testing, analysis, and preparation of expert reports will be complete by October 10, 2003. Therefore, defendants ask that the court extend the expert disclosure deadline accordingly.

         **s/ Jamie K. Neal**
John L. Tate
Jamie K. Neal
STITES & HARBISON
400 West Market Street, Suite 1800
Louisville, Kentucky 40202-3352
Telephone: 502/587-3400

Joseph P. Thomas
Jennifer Jansen Bouchard
ULMER & BERNE, LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202-2409
Telephone: 513/762-6200

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing was served by first class mail, postage prepaid, on this 22nd day of September, 2003, upon:

Raymond Becker
324 Reading Road
Cincinnati, Ohio 45202-1366

                                            **s/ Jamie K. Neal**
                                            Counsel for Defendants