UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION-CINCINNATI

| | |
|---|---|
| CLIFFORD STEVENS and CYNTHIA L. STEVENS<br><br>PLAINTIFFS<br><br>v.<br><br>DAVIDSON LADDERS, INC., et al.<br><br>DEFENDANTS | CIVIL ACTION NO. 1:00cv901 |

**DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION TO STRIKE**

Defendants, Davidson Ladders, Inc., Davidson Ladders Tennessee, Inc., Davidson Manufacturing Corporation, Louisville Ladder Corporation, Louisville Ladder Group, LLC, Cuprum S.A. de C.V., and Emerson Electric Corporation, by counsel, submit this objection to plaintiffs' motion to strike defendants' discovery.[1]

On August 28, 2003, defendants served plaintiffs with approximately 25 interrogatories, including discrete subparts, and 11 requests for production of documents and things. Defendants had not previously served any interrogatories or document requests to plaintiffs. Defendants, however, had *responded* to well over 60 interrogatories from plaintiff and had provided relevant documents related to those responses.[2]

Plaintiffs claim that defendants' discovery is untimely. This court's April 17, 2003, order provides that "Discovery will be completed by September 1, 2003." Defendants served their discovery three days before the deadline, on August 28, 2003. Plaintiffs assert that the court's

---

[1] Defendants have separately addressed plaintiffs' motion to require defendants to produce the written opinion of Mike Van Bree in defendants' motion to extend the expert witness disclosure deadline, and defendants' memorandum and reply in support of that motion. *See* Dckt. #s 37, 40.

[2] Plaintiffs also served an additional 34 interrogatories to which defendants objected because plaintiffs had already well exceeded the 25 interrogatory limit set in FRCP 33(a).

order sets a discovery *response* deadline. However, it is reasonable to interpret from the Federal Rules of Civil Procedure that "discovery" means discovery requests. *See, e.g.* FRCP 26(b)(4)(C) (requiring that experts be compensated for time spent "responding to discovery").

Plaintiffs will not be prejudiced by being required to respond to defendants' discovery. Defendants had not previously served any discovery. When defendants served the discovery on August 28, trial was more than 14 weeks away, and even now trial is not scheduled to begin for more than two months. Plaintiff has ample time to respond and all information requested should be readily available. Therefore, defendants ask that plaintiffs' motion to strike be denied.

**s/ Jamie K. Neal**
John L. Tate
Jamie K. Neal
STITES & HARBISON
400 West Market Street, Suite 1800
Louisville, Kentucky 40202-3352
Telephone: 502/587-3400

Joseph P. Thomas
Jennifer Jansen Bouchard
ULMER & BERNE, LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202-2409
Telephone: 513/762-6200

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing was served by first class mail, postage prepaid, on this 6th day of October, 2003, upon:

Raymond Becker
324 Reading Road
Cincinnati, Ohio  45202-1366


    **s/ Jamie K. Neal**
    Counsel for Defendants