UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **CLIFFORD STEVENS, et al.** | : | CIVIL ACTION NO. C-1-00-901 |
| | : | (Spiegel, J.) |
| Plaintiffs, | : | |
| | : | |
| v. | : | **FINAL PRETRIAL ORDER** |
| | : | |
| **DAVIDSON LADDERS, INC, et al.,** | : | |
| | : | |
| Defendants. | : | |
| | : | |

This action came before the Court at a final pretrial conference held on the 13th day of November 2003 at 9:00 a.m., pursuant to Rule 16, Federal Rules of Civil Procedure.

I.  **APPEARANCES:**

     For Plaintiff(s):    Raymond Becker

     For Defendant(s):    John L. Tate
                                Jamie K. Neal

                                Jennifer J. Bouchard

II.  **NATURE OF ACTION AND JURISDICTION:**

A.    This is an action for personal injury/product liability.

B.    The jurisdiction of the Court is invoked by the Defendants under Title 28 United States Code, Section 1332.

C.    The diversity jurisdiction of the Court is not disputed.

III.  **TRIAL INFORMATION:**

    **A.**      The established length of trial is 4 days.

    **B.**      Trial has been set for December 9, 2003.

**AGREED STATEMENTS AND LISTS:**

    **A.**      **General Nature of the Claims of the Parties**

              (1)    PLAINTIFF CLAIMS:

The Plaintiffs' claims are for injuries and their sequelae suffered as a result of the use of the ladder in question because it was defective at the time it left control of the Defendants in one or more of the following respects:

    1.1    In manufacture, construction, modification, design, formulation, production, creation, assembly, rebuilding, testing, and/or marketing; and/or

    1.2    Due to no and or inadequate warning or instruction.

The Plaintiffs claim further that the Defendants were aware of the above either at the time of introducing the said ladder into the stream of commerce in Ohio thereafter or knew of the above but failed to warn thereof or to make it safe for foreseeable uses and by foreseeable users of which the Plaintiff, Clifford Stevens, was one.

              (2)    DEFENDANT CLAIMS:

Defendants deny liability on all counts set forth in Plaintiffs' Complaint. (Negligence, Product Liability, Breach of Implied Warranty, and Failure to Warn) on the grounds that:

    (1)    There is no probative or admissible evidence that the ladder was defectively manufactured or constructed;

    (2)    There is no probative or admissible evidence that the ladder was defectively designed;

    (3)    There is no probative or admissible evidence that the ladder was sold with inadequate warnings or instructions;

    (4)    There is no probative or admissible evidence that the ladder failed to conform to a representation at the time of sale.

Defendants, as affirmative defenses to Plaintiffs' Complaint, assert that Clifford Stevens assumed the risk of using a used, mislabeled, and damaged ladder, and Clifford Stevens' contributory negligence was the substantial cause of the accident.

Defendants also assert as affirmative defenses the following:

    (1)    The product was substantially altered in a manner that was not reasonably foreseeable after it left the manufacturer's control;

    (2)    At the time the product left the manufacturer's control, there was no practical or technically feasible alternative design or formulation that would have prevented Clifford Stevens' accident without substantially impairing the usefulness or intended purpose of the product;

    (3)    The ladder was designed and tested in compliance with the safety requirements of ANSI 14.2 and Underwriters Laboratories.

### B.    Uncontroverted Facts

The following facts are established by admissions in the pleadings or by stipulations of counsel:

    (1)    The product in question is a 28 ft. aluminum extension ladder manufactured in Monterey, Mexico, in May 1993.

    (2)    The ladder was purchased by Clifford Stevens on October 3, 1998, from a Builders Square store in Forest Park, Ohio.

    (3)    Mr. Stevens purchased the ladder at the "sale" price of $134.94.

    (4)    Clifford Stevens bought the ladder for cleaning the gutters at his home.

    (5)    On October 17, 1998, Clifford Stevens used the ladder for the first time.

    (6)    Clifford Stevens used the ladder on the rear deck of his home to reach the roof and clean the gutters. His two sons held the ladder during Clifford Steven's first use.

    (7)    While Clifford Stevens was on the roof, his two sons moved the ladder to a different roof location.

    (8)    Clifford Stevens started to descend from the roof. When he was about waist high, coming down off the roof, it telescoped downwards, and he fell.

    (9)    Examination after the accident revealed that one rung lock was broken. The second rung lock was visually undamaged.

    (10)    Part of the broken rung lock was never found.

    (11)    On the day of the accident, Mr. Stevens was approximately 5'11" tall, weighed 190 lbs. and was in generally good health.

    (12)    Mr. Stevens was taken by ambulance to Mercy Hospital Fairfield.

(13)    Clifford Stevens fractured the transverse processes of vertebrae at L2-L4, fractured four of his left ribs, dislocated the sternoclavicular joint, and experienced muscle spasms and lung atelectasis.

(14)    Mr. Stevens was hospitalized for two days.

(15)    Mr. Stevens received physical therapy at twelve visits from Peter A. Towne.

(16)    Mr. Stevens' medical expenses total $8,924.31.

(17)    Mr. Stevens was employed at the time of the accident as the Vice President of Sales and Marketing at Salvagnini, America.

(18)    Mr. Stevens was off work as a result of the injury from October 19, 1998 through November 20, 1998, with the days counted as vacation or sick leave.

C.    **Issues of Fact and Law**

(1)    The contested issues of fact remaining for decision are:

    (a)    Whether the ladder was defective in manufacture or construction;

    (b)    Whether the ladder was defective in design or formulation;

    (c)    Whether the ladder was sold with inadequate warnings or instructions;

    (d)    Whether the ladder was sold in a used condition;

    (e)    Whether Clifford Stevens was aware of the alleged used condition;

    (f)    Whether the ladder was substantially altered, in a manner that was not reasonably foreseeable, after it left the manufacturer's control;

    (g)    Whether a practical and feasible alternative design existed at the time the ladder left the control of Cuprum or before the plaintiff's accident that would have prevented Clifford Stevens' accident without substantially impairing the usefulness or intended purpose of the product;

    (h)    Whether the ladder complied with applicable safety standards which is challenged by the Plaintiffs as an inapplicable defense;

    (i)    Whether the ladder was defective in manufacture, construction, modification, design, formulation, production, creation, assembly, rebuilding, testing, and/or marketing; and/or

      (j)    Whether the ladder was defective due to no and or inadequate warning or instruction;

      (k)    What facts disclosed the risk allegedly assumed by the Plaintiff at the time of the fall;

      (l)    What risks were inherently present in the use of the ladder from the date of manufacture to the date of the Plaintiff's fall;

      (m)    What risks the Plaintiff was allegedly aware of at the time of the fall;

      (n)    Whether Clifford Stevens purchased the ladder with the knowledge that the Builder's Square store was going out of business;

      (o)    The nature and extent of the labels present on the ladder at the time of purchase;

      (p)    Whether Clifford Stevens has a residual protrusion of approximately an inch at the anterior aspect to the chest as a result of the sternoclavicular dislocation as a result of the fall;

      (q)    Whether the salary for the period Mr. Stevens was off work as a result of the fall was $12,500;

      (r)    Whether the only warnings and instructions on set up and use of the ladder given to users of the ladder in question and contained in labels affixed to the ladder by the manufacturer are those contained in Defendant's Exhibit Numbers 22, 23, 24, 27, 28, 29, 31 and 32 to the Deposition of the Plaintiff Mr. Stevens.

(2)    The contested issues of law in addition to those implicit in the foregoing issues of fact are:

      (a)    Whether Plaintiffs' evidence is sufficient to create a submissible jury question;

      (b)    Whether Plaintiff's metaligurical consultant, Professor N. Jayaraman, will be permitted to express opinions or conclusions since Plaintiffs did not produce a report in compliance with Rule 26, the information Plaintiffs did produce does not contain scientifically supportable testimony, and the report does not provide an explanation for the cause of the accident;

      (c)    Whether Clifford Stevens assumed the risk of using the ladder;

      (d)    Whether Clifford Stevens was negligent, which is challenged by the Plaintiffs as an inapplicable defense.

D.  **Witnesses**

Plaintiffs intend to call the following witnesses:

Clifford Stevens
Cynthia Stevens
Clayton Stevens
Dr. Jayaraman
Dr. Diatte
Dr. Robert Hill
Linda Light (from Plaintiff's employer)
Mike Van Bree (as if on cross)
Dr. Dennis McGarry (if permitted by the Court, as if on cross)
Andrew McFarland

(1)   Leave to call additional witnesses may be granted by the Court in unusual situations. Counsel seeking such leave must file a Motion to Add Witnesses and serve a copy upon opposing counsel with names, addresses, and an offer of proof of such witnesses; testimony at least five (5) days prior to trial.

(2)   The order in which witnesses are listed will be deemed the order in which such witnesses will be called unless counsel presents a revised order of witnesses' appearance at least 48 hours in advance of such appearances.

Leave to call witnesses out of order for reasons that could not reasonably be anticipated will be freely granted.

E.  **Expert Witnesses**

The Plaintiffs intend to call two expert witnesses, Dr. N. Jayaraman, a metallurgist, and Dr. Diatte, a physician, Dr. Robert Hill, a physician.

The Defendants will call two expert witnesses, Dr. Dennis McGarry, a metallurgist, and Mr. Mike VanBree, a product safety engineer. Complete reports in conformance with Rule 26 were supplied to Plaintiffs' counsel.

F.  **Exhibits**

The parties will offer as exhibits those items listed herein as follows:

(1)   Joint Exhibits – Appendix E (use Roman numerals)

    (2)    Plaintiff Exhibits – Appendix F (use Arabic numerals)

    (3)    Defendant Exhibits – Appendix G (use letters)

    (4)    Third-Party Exhibits – Appendix H (use letters prefixed by initial of party)

The above exhibits will be deposited with the Clerk of the Court at least ten (10) days prior to trial. Exhibit markers obtainable from Kevin Moser, Courtroom Deputy Clerk, should be affixed to the upper right corner.

Plaintiffs anticipate that testimony may be offered by deposition/video tape. Defendants object to presentation of any testimony by deposition/video tape that was not designated before the pre-trial conference.

An opportunity will be given to opposing counsel to read any omitted portion. Counsel will be notified at trial of rulings on all objections.

### G.    Discovery

Discovery is ongoing, as indicated by the Court in its Order dated November 18, 2003.

### H.    Pending Motions

There are no pending motions at this time, but defendants anticipate making motions in *limine* at least 10 days before trial. Plaintiffs anticipate a motion to supplement the pre-trial order once discovery and depositions are completed.

### I.    Miscellaneous Orders

### IV.    MODIFICATION

This final pretrial order may be modified at the trial of this action, or prior thereto, to prevent manifest injustice. Such modification may be made by application of counsel, or on motion of the Court.

### V.    SETTLEMENT EFFORTS

The parties have made an effort to negotiate a settlement, but no settlement can be effected.

### VI.    TRIAL TO A JURY

The parties will submit proposed Jury Instruction at least twenty-four (24) hours prior to trial.

                                                    *[signature]*
S. Arthur Spiegel
United States District Judge

/s/ Raymond Becker
Raymond Becker
324 Reading Road
Cincinnati, Ohio 45202-1366
(513) 241-6748
(513) 241-1615 (Fax)
**Counsel for Plaintiffs**


/s/ Jamie K. Neal
John L. Tate
Jamie K. Neal
STITES & HARBISON
400 W. Market Street, Suite 1800
Louisville, Kentucky 40202-3352
(502) 587-3400
(502) 587-6391 (Fax)


/s/ Jennifer J. Bouchard
Joseph P. Thomas
Jennifer J. Bouchard
ULMER & BERNE, LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202-2409
(513) 762-6200
(513) 762-6250 (Fax)
**Counsel for Defendants Davidson Ladders, Davidson Ladders Tennessee, Davidson Manufacturing, Louisville Ladder Corp., Louisville Ladder Group, and Emerson Electric**

**JOINT EXHIBITS OF PLAINTIFF AND DEFENDANTS**

| NUMBER | DESCRIPTION | OFFERED | ADMITTED | PROFFERED |
|---|---|---|---|---|
| 1 | Incident Ladder | | | |

**EXHIBITS OF DEFENDANTS**

| NUMBER | DESCRIPTION | OFFERED | ADMITTED | PROFFERED |
|---|---|---|---|---|
|  | Twelve-foot sample extension ladder (for demonstrative purposes only) |  |  |  |
| A | ANSI A14.2 (1990) |  |  |  |
| B | Underwriter Laboratories Inc. Report |  |  |  |
| C | Ladder design drawings, specifications, and descriptive information |  |  |  |
| D | Rung lock design drawings, specifications, and descriptive information |  |  |  |
| E | Ladder test data |  |  |  |
| F | Photographs of the incident ladder |  |  |  |
| G | Photographs of the accident site |  |  |  |
| H | Diagram, with measurements, of the accident site |  |  |  |
| I | Curriculum vita of Mike Van Bree |  |  |  |
| J | Curriculum vita of Dr. Dennis McGarry |  |  |  |
| K | Notes from Mike Van Bree's inspection of the incident ladder |  |  |  |
| L | Ladder sales volumes |  |  |  |
| M | Aluminum reference materials |  |  |  |
| N | Fracture surface reference materials |  |  |  |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CLIFFORD STEVENS and CYNTHIA L. STEVENS, <br><br> Plaintiffs, <br><br> v. <br><br> BUILDERS SQUARE, INC, et al., <br><br> Defendants. | : : : : : : : : : : : | CIVIL ACTION NO. C-1-00-901 <br> (Spiegel, J.) <br><br> **FINAL PRETRIAL ORDER** |

### APPENDIX F (TO FINAL PRETRIAL ORDER)

### EXHIBITS OF PLAINTIFFS

| NUMBER | DESCRIPTIONS | OFFERED | ADMITTED | PROFFERED |
|---|---|---|---|---|
| I | Discovery documents Provided by Cuprum | | | |
| II | Opinion of James Sunderlin dated May 15th 1999 with attached photographs 1-40 | | | |
| III | Curriculum Vitae of Dr. Diatte | | | |
| IV | Curriculum Vitae of Dr. Hill | | | |
| V | Medical Records and Opinions provided pertaining to injuries and treatment of Mr. Stevens, including drawings of human | | | |

|      |                                                                                                    |
|------|----------------------------------------------------------------------------------------------------|
|      | spine, transverse process                                                                          |
| VI   | Curriculum Vitae of Dr. Jayaraman                                                                  |
| VII  | Notes of and photographs taken by Dr. Jayaraman                                                    |
| VIII | Labels on ladder                                                                                   |
| IX   | Data on Rung Lock # F 2925 and F 1657                                                              |
| X    | Copy of letter dated 1.14.99 addressed to Davidson Manufacturing Company from Crawford.            |
| XI   | Copy of letter dated 1.20.99 addressed to Walter Haggerty by William James of Edward Cooke and Associates. |
| XII  | United States Court cases involving One or more of the Defendants                                  |