**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **CLIFFORD STEVENS, et al.**<br><br>   **Plaintiffs,**<br><br>v.<br><br>**DAVIDSON LADDERS, INC, et al.,**<br><br>   **Defendants.** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **CIVIL ACTION NO.  C-1-00-901**<br>(Spiegel, J.)<br><br><br>**DEFENDANTS' MOTIONS**<br>*IN LIMINE* |

Defendants, Davidson Ladders, Inc., Davidson Ladders Tennessee, Inc., Davidson

Manufacturing Corporation, Louisville Ladder Corp., Louisville Ladder Group, LLC, Cuprum

S.A. de C.V., and Emerson Electric Co.., by counsel, move the court for an order *in limine*

excluding all evidence of and all comment by any attorney or witness about the following

matters:

1.   Evidence of post-manufacture design changes;

2.   Evidence of "safer" ladders;

3.   Evidence of "United States Court cases involving one or more of the Defendants" (identified by plaintiffs as their proposed Exhibit XII) or evidence of other accidents or claims;

4.   Any negative reference to the fact that the subject ladder was manufactured in Mexico;

5.   Correspondence identified by plaintiffs as their proposed Exhibits II, X, and XI, and the contents of that correspondence;

6.   "Data on Rung Lock # F 2925 and F 1657," identified by plaintiffs as their proposed Exhibit IX;

7.   Any testimony by deposition or videotape.

In the alternative, defendants respectfully request an Order instructing all attorneys, parties, and witnesses to bring up all such enumerated matters with the Court, out of the presence of the jury and jury panel, so that the Court can determine the relevance and admissibility of such matters before they are injected into the case in the presence of the jury.

An explanation of defendants objections to each of these seven potential categories of evidence follows:

**1.      Evidence of post-manufacture design changes.**

Plaintiffs may attempt to argue that the defendants instituted design changes to the Cuprum 405-28 ladder, for instance changes in the design of the rung lock, after the date of manufacture of the subject ladder.  Any post-manufacturing design changes should be excluded pursuant to FRE 401 as irrelevant.

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  FRE 401.  Only the defendants' knowledge and actions *at the time of design and manufacture of the subject ladder* are potentially relevant.  Plaintiffs base their claims upon three basic theories: negligence, strict liability, and breach of warranty.  Under the negligence theory, only the circumstances that the defendants "perceived, or should have perceived, *at the time of their respective actions*," should be considered in determining the defendants' duty to the plaintiffs and whether they breached that duty.  *Menifee v. Ohio Welding Prods.*, 472 N.E.2d 707, 710 (Ohio 1984) (emphasis added).  In this case, the defendants' actions in question are the design and manufacture of the subject ladder

With respect to plaintiffs' strict liability claim, defendants cannot be held liable unless the ladder is "defective."  *See* Ohio Rev. Code Ann. § 2307.73.  Whether or not a product is defective depends on either the condition of the product *at the time "it left the control of its*

*manufacturer*" or a consumer's expectations. *Id*. §§ 2307.74-.77. Post-manufacture design changes are not relevant under either theory of defect. Under the consumer expectation theory, the focus is on whether the alleged hazard is "unexpected." *See Colboch v. Uniroyal Tire Co.*, 670 N.E.2d 1366, 1371 (Ohio Ct. App. 1996). Under the risk-benefit theory, the focus is on the condition of the product at the time *"it left the control of its manufacturer*." Ohio Rev. Code Ann. § 2307.75(A).

With regard to plaintiffs' final liability theory, breach of warranty, the design of the product is not relevant at all.

The fact that the Cuprum 405-28 ladder underwent design changes after the date of manufacture is not relevant to any issue in this case. Accordingly, defendants request that evidence of post-manufacture design changes be excluded.

## 2.    Evidence of "safer" ladders.

Plaintiffs may attempt to introduce evidence of other, supposedly "safer" ladder designs, such as different rung lock designs. Evidence of supposedly "safer" ladders is irrelevant to plaintiffs' claims and, therefore, inadmissible at trial pursuant to FRE 402. A manufacturer is not required to design the "best possible product" or a product better than the one he has designed. *See Tipton v. Michelin Tire Co.*, 101 F.3d 1145, 1149 (6th Cir. 1996) (*citing Jones v. Hutchison Manufacturing, Inc.*, 502 S.W.2d 66, 69 (Ky. 1973)). A manufacturer is required to make a reasonably safe product. *See id.* A plaintiff may not simply go out and buy another manufacturer's product and offer it as a "better" design.

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *See* FRE 401. Evidence that is marginally or barely relevant, if at all, may be excluded after the trial judge weighs "the dangers of unfairness, confusion, and

3

undue expenditure of time in the trial of collateral issues against the factor favoring

admissibility." *See Rye v. Black & Decker Manufacturing Co.*, 889 F.2d 100, 103 (6th Cir.

1989); *see also* FRE 403.

For instance, in *Kontz v. K-Mart Corp.*, 712 F.2d 1302 (8th Cir. 1983), a strict product

liability action involving a folding lounge chair, plaintiff's engineering witness testified that the

lounge chair had an unreasonably dangerous design because the leg locking mechanism created

an impression of a "false lock." *See id.* at 1304. At trial, plaintiff sought to introduce a lounge

chair purchased from a competing department store as evidence of a "better" design. The trial

court sustained K-Mart's objection to the admission of the competitor's chair as irrelevant, and

the Eighth Circuit affirmed.

In *Alevromagiros v. Hechinger Co*, 993 F.2d 417 (4th Cir. 1993), a product liability

action, the plaintiff sued the manufacturer and seller of a ladder for defective design. At trial, the

plaintiff's expert witness testified that the ladder did not conform to industry standards, although

he never tested or examined an undamaged model of the ladder. The plaintiff then attempted to

introduce into evidence a competing ladder with more safety features than the subject ladder.

The trial judge "refused to admit the competitor's ladder on the grounds that 'I don't believe that

the expert can bring in one ladder from a competitor and attempt to make a standard out of

that.'" *See id.* at 419. The judge also sustained an objection to testimony about the safety

features of other ladders because "the question is not what other ladders have." *See id.* The trial

court directed a verdict in favor of the defendant ladder manufacturer since the plaintiff failed to

sustain his burden of proving that the ladder design violated any industry standard. In affirming

the trial court's exclusion of the evidence, the Fourth Circuit recognized that the jury could have

"been misled or confused by the assumption that one competing product represented the relevant industry-wide standard." *See id.* at 422.

In *Haynes v. American Motors Corp.*, 691 F.2d 1268 (8th Cir. 1982), the plaintiff sued American Motors for injuries she sustained while driving a Jeep CJ-5.  The plaintiff sought to admit at trial the operator's manual for the M-151 military version of the Jeep, which warned that the vehicle could go out of control and roll over when turned at a certain speed.  The court affirmed the trial court's ruling that the plaintiff could not use the military manual to illustrate the type of warning that she could have received regarding her civilian Jeep because the evidence was only "remotely relevant" and "potentially prejudicial" given the differences between the two products.  *See id.* at 1272.

Evidence of other, supposedly "safer" ladder designs is irrelevant to plaintiffs' claims and, therefore, should be excluded.

        **3.**        **Evidence of "United States Court cases involving one or more of the Defendants" (identified by plaintiffs as their proposed Exhibit XII) or evidence of other accidents or claims.**

On their proposed exhibit list, plaintiffs identify "United States Court cases involving one or more of the Defendants."  Plaintiffs have not provided any further identification of this proposed evidence.  In discovery,  plaintiffs asked defendant Cuprum for information regarding "any complaint, correspondence or other communications relating to personal injury or death associated with the use of the ladder or with other similar products manufactured by the Defendant" from May 1992 through January 2000.  *See* Plaintiffs' Interrogatories to Cuprum ¶ 15.

Based on plaintiffs exhibit list and discovery requests, plaintiffs likely will seek to admit evidence of accidents involving different ladders, accidents without factual foundation demonstrating "substantial similarity," and accidents occurring after the date of manufacture of

the subject ladder.  Any evidence of other accidents or claims should be excluded pursuant to

FRE 401 and 403 as irrelevant and unfairly prejudicial.

### (a)    Evidence of other accidents or claims is irrelevant.

Relevancy "is the threshold determination in any decision regarding the admissibility of

evidence at trial; if evidence is not relevant, it is not admissible." *Koloda v. General Motors*

*Parts Division, General Motors Corp.*, 716 F.2d 373, 375 (6th Cir. 1983).  Federal Rule of

Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence

of any fact that is consequence to the determination of the action more probable or less probable

than it would be without the evidence."

In Ohio, the law requires a showing of substantial similarity as a condition precedent to

admission of evidence of other accidents.  *See Renfro v. Black*, 556 N.E.2d 150, 154-55 (Ohio

1990).  In essence, the admission of testimony, claim reports, etc., regarding other accidents or

complaints, is predicated upon a showing that the circumstances surrounding the other incidents

are substantially similar to the claim at bar.  *See id*.  "The foundational requirement that the

proponent of similar accidents evidence must establish substantial similarity before the evidence

will be admitted is especially important in cases where the evidence is proffered to show the

existence of a dangerous condition or causation."  *See Nachtsheim v. Beech Aircraft Corp.*, 847

F.2d 1261, 1268 (7th Cir. 1988); *see also Rye v. Black & Decker Manufacturing Co.*, 889 F.2d

100, 102 (6th Cir. 1989).

Plaintiffs bear the burden of proving the substantial similarity between the circumstances

surrounding other accidents and their own.  *See Rye*, 889 F.2d at 102.  Therefore, before the

admission of any evidence of other accidents or claims, plaintiffs must demonstrate substantial

similarity.  Without such proof, this evidence is irrelevant and should be excluded from trial.

**(b)     The probative value of other accidents or claims is outweighed by the potential for unfair prejudice and confusion of the issues.**

In addition to establishing the relevancy of the other accidents or claims, plaintiffs must also meet the requirements of FRE 403.  Even if plaintiffs could demonstrate some similarity in prior accidents, claims, or lawsuits, the probative value is outweighed by the potential for unfair prejudice and confusing the jury.  Rule 403 provides, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  *See also Rye*, 889 F.2d at 103.

In *Olin-Mathieson Chemical Corporation v. Allis-Chalmers Manufacturing Company*, 438 F.2d 833 (6th Cir. 1971), the court addressed whether evidence of a malfunction of electrical equipment similar to the equipment at issue was properly excluded by the trial judge.  The *Olin-Mathieson* court noted that even if evidence of the allegedly similar electrical equipment were admitted at trial, "the jury would have been presented with a multitude of collateral issues.  A great deal more technical evidence would have become relevant, prolonging the trial unnecessarily and creating a high probability of confusion of the issues."  *See id.* at 837.  A trial court must weigh the dangers of unfairness, confusion, and undue expenditure of time on collateral issues against factors having admissibility.  *See McKinnon v. Skil Corp.*, 638 F.2d 270, 277 (1st Cir. 1981).  In the task of determining the relevance of allegedly similar prior accidents, the details of the prior accidents must be closely evaluated and the potential for unfair prejudice assayed.  *See Rye, supra*, at 103.

If plaintiffs are permitted to introduce evidence of other accidents or claims, defendants will have to go through each claim or document individually to explain the circumstances of that

accident or claim.  This would result in mini-trials, which would lengthen the time for this trial, as well as divert the jury's attention away from the true issues in this lawsuit.

Moreover, these "trials within a trial" could be accompanied by lengthy sidebars or hearings on each incident or claim.  The considerable time and unnecessary diversion spent on such collateral issues is exactly the type of prejudice that FRE 403 was designed to prevent.

The admission of such claims would only confuse the issues and mislead the jury. Defendants would be required to defend a multitude of claims, allegations, or lawsuits within the context of the trial of this claim.  The prejudicial effect would outweigh any probative value the claims or lawsuits may have.

> **4.    Any negative reference to the fact that the subject ladder was manufactured in Mexico.**

Any negative reference concerning the fact that the subject ladder was manufactured in Mexico should be excluded as irrelevant and unfairly prejudicial.  Anti-Mexican innuendo is irrelevant to the issues in this case and, even if deemed relevant, the probative value of such comments is outweighed by the potential for unfair prejudice and confusion to the jury, as provided for in FRE 403.  Defendants request the court to formally exclude any negative comment or reference to the fact that the subject ladder was manufactured in Mexico.

> **5.    Correspondence identified by plaintiffs as their proposed Exhibits II, X, and XI, and the contents of that correspondence.**

Plaintiffs have identified three letters, attached collectively as Exhibit A, as potential exhibits.  None of the authors of these letters have been identified as witnesses.  The letters should be excluded pursuant to FRE 401 and 802 because they are irrelevant and contain hearsay.

#### (a)    The January 14, 1999, and January 20, 1999, letters.

Plaintiffs have identified as a potential exhibit a January 14, 1999, letter from Lance Eric Ekas of Crawford (the company then handling claims on behalf of Builders Square) to Davidson Manufacturing, by which Crawford notified Davidson of plaintiffs' claim and turned the matter over to Davidson for handling. Plaintiffs have also identified as a potential exhibit a January 20, 1999, letter from William H. James of Edward E. Cooke & Associates (the company then handling claims on behalf of Davidson) to Walter Haggerty (then plaintiffs attorney), asking for additional information about plaintiffs' claims, including "positive identification of the ladder in question."

These letters contain nothing relevant to plaintiffs' claims. There is no question as to when defendants received notification of plaintiffs' claims. The only other substantive information in these letters—the preliminary identification of the ladder as a model 387-28 aluminum extension ladder—is likewise not in issue. By asking for "positive identification" of the ladder, the January 20 letter shows that this early identification of the ladder was only preliminary and based on information from the plaintiffs. After defendants physically inspected the ladder, they identified it as a model 405-28 rather than a model 387-28, and plaintiffs have never contested that identification. Thus, these letter should be excluded as irrelevant pursuant to FRE 401.

The authors of these letters, Mr. Ekas and Mr. James, have not been identified as witnesses for trial. Therefore, offering these letters to prove the truth of any information therein would be hearsay and should be excluded pursuant to FRE 802.

6.    **"Data on Rung Lock # F 2925 and F 1657," identified by plaintiffs as their proposed Exhibit IX.**

Plaintiffs have identified "Data on Rung Lock # F 2925 and F 1657" as a potential exhibit. These documents are apparently different than the rung lock documents produced by defendants in discovery, because plaintiffs have also identified the discovery documents as a potential exhibit. However, plaintiffs have not produced the "Data on Rung Lock # F 2925 and F 1657" to defendants as required by Fed. R. Civ. P. 26(a) and 26(e)(1).

Fed. R. Civ. P. 37(c) prohibits the use at trial of information not properly disclosed pursuant to Fed. R. Civ. P. 26(a) or 26(e)(1), unless there is "substantial justification" for the failure to disclose and the failure is "harmless." A party's failure to disclose is not "harmless" if it leaves an opposing party with insufficient knowledge or information to prepare for trial. *See Sommer v. Davis*, 317 F.3d 686, 692 (6th Cir. 2003). Plaintiffs' failure to disclose the "Data on Rung Lock # F 2925 and F 1657" has left defendants with *no* information regarding these proposed exhibits. In addition, plaintiffs have not provided any justification for this failure to disclose. Therefore, the "Data on Rung Lock # F 2925 and F 1657" should be excluded pursuant to Rule 37(c).

7.    **Any testimony by deposition or videotape.**

In section III.F. of the Final Pretrial Order, plaintiffs indicated that they anticipate offering testimony by deposition or videotape. Rule II.C. of this court's "Preparation for Trial" instructions states that any portions of a deposition that will be read during trial should be specified to opposing counsel and the court at the final pretrial conference. However, plaintiffs did not specify any depositions or portions thereof to be read at or before the final pretrial conference and plaintiffs still have not done so. Allowing plaintiffs to designate deposition testimony for use at trial at this late point, less than a week before trial, would prejudice

10

defendants by not allowing them sufficient time to prepare objections.  Therefore, plaintiffs

should not be allowed to designate deposition or videotape testimony for use at trial.

/s/ Jamie K. Neal_____ _____
John L. Tate
Jamie K. Neal
STITES & HARBISON
400 West Market Street, Suite 1800
Louisville, Kentucky  40202-3352
Telephone:  502/587-3400

Joseph P. Thomas
Jennifer Jansen Bouchard
ULMER & BERNE, LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio  45202-2409
Telephone:  513/762-6200

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of December, 2003, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Raymond Becker
324 Reading Road
Cincinnati, Ohio  45202-1366

/s/ Jamie K. Neal_____
Counsel for Defendants

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **CLIFFORD STEVENS, et al.**<br><br>    **Plaintiffs,**<br><br>**v.**<br><br>**DAVIDSON LADDERS, INC, et al.,**<br><br>    **Defendants.** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **CIVIL ACTION NO.  C-1-00-901**<br>**(Spiegel, J.)**<br><br><br>**ORDER** |

Upon motion of the defendants, and the Court being sufficiently advised,

IT IS HEREBY ORDERED that all evidence of and all comment by any attorney or

witness about the following matters are excluded from the trial of this matter:

1.    Evidence of post-manufacture design changes;

2.    Evidence of "safer" ladders;

3.    Evidence of "United States Court cases involving one or more of the Defendants" (identified by plaintiffs as their proposed Exhibit XII) or evidence of other accidents or claims;

4.    Any negative reference to the fact that the subject ladder was manufactured in Mexico;

5.    Correspondence identified by plaintiffs as their proposed Exhibits II, X, and XI, and the contents of that correspondence;

6.    "Data on Rung Lock # F 2925 and F 1657," identified by plaintiffs as their proposed Exhibit IX;

7.    Any testimony by deposition or videotape.

_____
JUDGE

_____
DATE