UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **CLIFFORD STEVENS, et al.**<br><br>  Plaintiffs,<br><br>v.<br><br>**DAVIDSON LADDERS, INC, et al.,**<br><br>  Defendants. | : : : : : : : : : : : | CIVIL ACTION NO.  C-1-00-901<br>(Spiegel, J.)<br><br>**DEFENDANTS' MOTION TO EXCLUDE OR LIMIT TESTIMONY FROM DR. JAYARAMAN, DR. DIATTE, DR. HILL, AND MR. MCFARLAND** |

Defendants, Davidson Ladders, Inc., Davidson Ladders Tennessee, Inc., Davidson Manufacturing Corporation, Louisville Ladder Corp., Louisville Ladder Group, LLC, Cuprum S.A. de C.V., and Emerson Electric Co.., by counsel, move the court pursuant to Fed. R. Civ. P. 37(c) for an order excluding or limiting the testimony of plaintiffs' late and inadequately identified witnesses.

Plaintiffs failed to identify two of their witnesses, Dr. Christopher Diatte and Dr. Robert Hill, as proposed experts until 25 and 18 days before trial, respectively, and plaintiffs have not provided expert reports or any of the other information required by Fed. R. Civ. P. 26(a)(2) regarding these witnesses.  Plaintiffs did not identify proposed fact witness Andrew McFarland at all until 18 days before trial, and plaintiffs have not provided any information about the subject matter of his proposed testimony.

Most importantly, only fourteen days before trial defendants received an entirely new report from plaintiffs' proposed expert, Dr. Jayaraman, identifying new opinions and new theories never before disclosed to the defendants.

1

Fed. R. Civ. P. 37(c) precludes a party from introducing evidence at trial that was not properly disclosed as required by Rule 26(a) or 26(e)(1), unless there is "substantial justification" for the party's failure to disclose the evidence and the failure is "harmless." A party's failure to disclose is not "harmless" if it leaves an opposing party with insufficient knowledge or information to prepare for trial. *See Sommer v. Davis*, 317 F.3d 686, 692 (6th Cir. 2003).

This is exactly the position in which defendants find themselves. Thus, pursuant to Fed. R. Civ. P. 37(c), the testimony of plaintiffs' improperly identified witnesses should be excluded or limited.

### A.    Plaintiffs' proposed expert witnesses.

Pursuant to Fed. R. Civ. P. 26(a)(2) and Rule II.H. of this court's "Preparation for Trial" instructions, plaintiffs were required to identify their proposed expert witnesses by August 15, 2003, ninety days before the final pre-trial conference. Rule 26(a)(2) also required plaintiffs to provide a report from each proposed expert containing: (1) "a complete statement of all opinions to be expressed and the basis and reasons therefore," (2) "the data or other information considered by the witness in forming the opinions," (3) "any exhibits to be used as a summary of or support for the opinions," (4) "the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years," (5) "the compensation to be paid for the study and testimony," and (6) "a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years."

Plaintiffs did not provide a list of their proposed experts or the other information required by Rule 26(a)(2) by August 15, nor did they request an extension of the deadline. On November 13, when the parties met to prepare the final pretrial order, plaintiffs identified Dr. N. Jayaraman and Dr. Christopher Diatte as experts they expect to testify at trial. On November 20, plaintiffs identified Dr. Robert Hill as an additional proposed expert witness. On November 24,

defendants received plaintiffs' "Supplemental Expert Disclosure," which identified Dr. N. Jayaraman as the one expert plaintiffs expect to testify at trial.

### 1.    Dr. N. Jayaraman

As part of plaintiffs' Rule 26 initial disclosures, they identified Dr. N. Jayaraman as a potential witness. Plaintiffs provided defendants with a 1 ½ -page, November 2000 letter from Dr. Jayaraman to plaintiff's counsel in which Dr. Jayaraman concludes that the ladder rung lock which is the subject of this lawsuit "failed in a brittle fashion and an important contributing factor for this brittle failure comes from the inclusion particles in the casting." Letter from N. Jayaraman to R. Becker, Nov. 20, 2000, attached as Ex. A. Dr. Jayaraman's November 2000 letter did not contain any opinions about how or if the alleged "inclusion particles" in the rung lock caused plaintiff's accident.

Plaintiffs did not provide any additional information about Dr. Jayaraman's opinions or the bases for those opinions before the August 15, 2003, expert disclosure deadline. On November 24, more than three months after the expert disclosure deadline and two weeks before trial, defendants received plaintiffs' "Supplemental Expert Disclosure," with a 1 ½-page supplemental report from Dr. Jayaraman containing new opinions and new theories regarding this case. *See* Letter from N. Jayaraman to R. Becker, Nov. 20, 2003, attached as Ex. B. Dr. Jayaraman's report, received fourteen days before trial, contains the opinion that the material defect he identified three years earlier directly caused the plaintiff's accident. Dr. Jayaraman, a metallurgist, also opines for the first time that the warnings and instructions on the ladder are insufficient. Dr. Jayaraman does not provide any data or testing to support these new theories.

Pursuant to Fed. R. Civ. P. 37(c) and Sixth Circuit precedent, exclusion of a proposed expert's testimony is an appropriate sanction for a party's failure to comply with the requirements of Rule 26(a) or 26(e). *See Sommer*, 317 F.3d at 692. Without detailed, timely

information about a party's proposed experts, an opposing party cannot properly prepare to counter the testimony. *See Freund v. Fleetwood Enterprises, Inc.*, 956 F.2d 354, 358 (1st Cir. 1992). For instance, an opposing party may be denied the opportunity to obtain rebuttal expert testimony or adequately prepare cross-examination because of late and incomplete information about a proposed expert's opinions. *Id*.

Plaintiffs failed to comply with the requirements of Rule 26(a) and 26(e) by disclosing two significant new opinions of Dr. Jayaraman a mere two weeks before trial. Plaintiffs have given no justification for this late disclosure. Defendants prepared their case, and chose *not* to depose Dr. Jayaraman, based on the opinions expressed in his initial report. Now defendants are left with insufficient knowledge regarding the opinions of Dr. Jayaraman to adequately prepare for trial. Rule 37(c) is designed to prevent these situations and, therefore, authorizes the exclusion of Dr. Jayaraman's testimony. In the alternative, Dr. Jayaraman's testimony should be limited to the opinions expressed in his initial November 2000 report. *See Greguski v. Long Island Railroad Co.*, 163 F.R.D. 221, 224 (S.D.N.Y. 1995) (limiting expert to opinions contained in report because if failure to comply with Rule 26).

### 2.    Dr. Christopher Diatte and Dr. Robert Hill

Plaintiff did not identify Drs. Diatte and Hill as proposed experts until less than a month before trial. To this day, plaintiffs have not provided reports detailing the opinions of Drs. Diatte and Hill nor have they provided any of the other information required by Fed. R. Civ. P. 26(a)(2) for these proposed witnesses.[1] Plaintiffs have not given any justification for their failure to timely identify Drs. Diatte and Hill or their complete failure to provide the information required

---

[1] Plaintiffs failure to provide reports regarding these witnesses' opinions prevents defendants from taking their depositions. *See* Fed. R. Civ. P. 26(b)(4)(A) (precluding a party from taking an expert's deposition until *after* the witness's expert report has been provided); *see also Smith v. Union Pacific Railroad Co.*, 168 F.R.D. 626, 629 (N.D. Ill. 1996).

4

by Rule 26(a). Defendants are left with insufficient information and knowledge regarding these witnesses to adequately prepare to rebut their testimony and, therefore, pursuant to Rule 37(c) they should not be allowed to testify as experts.

### 3.   Andrew McFarland.

On November 20, 2003, plaintiffs identified Andrew McFarland for the first time as a witness expected to testify at the trial of this action. Plaintiffs have not provided any indication of the relevant information that Mr. McFarland possesses. Pursuant to 26(e)(1), plaintiffs were under a duty to "seasonably" supplement their initial disclosures with information about individuals with discoverable information. Plaintiffs violated this requirement by failing to identify Mr. McFarland until less than 2 ½ weeks before trial and then failing to describe, even generally, the subject of Mr. McFarland's knowledge. Thus, pursuant to Rule 37(c), plaintiffs should be precluded from offering testimony from Mr. McFarland at trial.

/s/ Jamie K. Neal
John L. Tate
Jamie K. Neal
STITES & HARBISON
400 West Market Street, Suite 1800
Louisville, Kentucky  40202-3352
Telephone:  502/587-3400

Joseph P. Thomas
Jennifer Jansen Bouchard
ULMER & BERNE, LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio  45202-2409
Telephone:  513/762-6200

## CERTIFICATE OF SERVICE

     I hereby certify that on this 1st day of December, 2003, I electronically filed the foregoing and the attached tendered order with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Raymond Becker
324 Reading Road
Cincinnati, Ohio  45202-1366

                                    /s/ Jamie K. Neal
                                    Counsel for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **CLIFFORD STEVENS, et al.**<br><br>**Plaintiffs,**<br><br>v.<br><br>**DAVIDSON LADDERS, INC, et al.,**<br><br>**Defendants.** | **CIVIL ACTION NO. C-1-00-901**<br>**(Spiegel, J.)**<br><br>**ORDER** |

Upon motion of the defendants and the Court being sufficiently advised,

IT IS HEREBY ORDERED that Dr. N. Jayaraman, Dr. Christopher Diatte, Dr. Robert Hill, and Andrew McFarland are excluded from testifying at the trial of this matter.

_____
JUDGE

_____
DATE