N. Jayaraman, Ph.D. (Metallurgical Engineering)
12161, Woodland Hollow
Cincinnati, OH 45249-8126
Telephone: (513)530-5052
Cell: (513)295-0643

Date: November 20, 2003

Mr. Raymond Becker
Attorney at Law
324, Reading Road
Cincinnati, OH 45202

Re: Clifford Stevens Claim; Davidson Cuprum Aluminum Extension Ladder

Dear Mr. Becker,

I have been asked to supplement my report in this matter so that it complies with the provisions of Rule 26 of the Federal Rules of Civil Procedure. I supplement my report dated November 20, 2000 as follows:

Upon my initial examination of the ladder, abrasion markings were seen on the ladder where the rung lock mechanism had been broken. In contrast, the side where the run lock mechanism was intact displayed several minor catch marks and a deep gouge. This is consistent with the premature catastrophic failure of the locking mechanism that did break. There were very limited markings on the ladder rungs at the time of my initial examination, and the generally, the ladder appeared to be in pristine condition.

The end (hook) piece of the rung lock mechanism (which was never found) that catastrophically failed broke first and hence did not engage completely. It also appears most probable based on reasonable engineering certainty that both rung lock mechanisms were not fully engaged. If the rung lock mechanisms were not completely engaged then the level of stresses experienced by the weakest point in the mechanism will be amplified. This will be particularly the case if the entire weight of the human body shifted to onto the side of the ladder where the lowest foot bore the weight. When the rung lock mechanism is fully engaged, such as is depicted in photograph number 14 attached to Mr. Sunderlin's report, the stresses in the weakest region of the mechanism will be substantially less than when the rung lock mechanism is not fully engaged. This is due to the leveraging effect caused by partial engagement. When the rung lock mechanism is not fully engaged, the stresses may possibly exceed the strength of the material, and lead to failure. Absent the material defect in the rung lock mechanism, the probability of the rung lock mechanism on the ladder in question failing is very small. Any material defect as was discovered and is referred to in my report of November 20th 2000 will exacerbate this potential problem. In

conclusion, based on my examination of the material defect in the remainder of the broken rung lock it is more probable than not, based on reasonable metallurgical and engineering certainty, that the cause of the catastrophic failure stemmed directly from the material defect.

In addition to the above, there is nothing contained in any of the warnings on the labels on the ladder to suggest how the locking mechanism is to be secured or how a user is to determine whether or not the locking mechanism is fully engaged preparatory to use. Even knowing how the rung lock should look in a fully engaged status, there is difficulty discerning this when the ladder is engaged at various levels above the users head. The natural assumption in the ordinary use of the ladder in the circumstances is to rely on an auditory click followed by an assumption that the locking mechanism is fully engaged.

The opinions expressed by me are based on reasonable certainly and on my education, experience, research and teachings in the field of Metallurgical Engineering.

My current biographical sketch is attached marked "A".

Thank you.

Sincerely,

*N. Jayaraman*

N. Jayaraman.