Raymond Becker (0041641)<br>
Trial Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION - CINCINNATI

| | |
|---|---|
| **CLIFFORD STEVENS, et al**<br><br>  Plaintiffs,<br>  v.<br><br>**BUILDERS SQUARE, INC., DAVIDSON LADDERS, INC., DAVIDSON LADDERS TENNESSEE, INC., DAVIDSON MANUFACTURING CORPORATION, LOUISVILLE LADDER CORP., LOUISVILLE LADDER GROUP, LLC, CUPRUM S.A. de C.V. and EMERSON CO.**<br><br>  Defendants | **CIVIL ACTION NO. C-1-00-901**<br><br>**URGENT**<br><br>**PLAINTIFFS MOTION FOR A CONTINUANCE OF THE TRIAL OF THE WITHIN MATTER AND FOR AN ORDER TO OBTAIN FULL AND FAIR DISCOVERY OF INFORMATION SOUGHT BY WAY OF PLAINTIFF'S FIRST AND SECOND SETS OF INTERROGATORIES AND FOR TIME TO CONSIDER THE DISCOVERY ALREADY PROVIDED AND RESPOND TO THE DEFENDANTS' MOTIONS IN LIMINE.** |

Now comes the Plaintiffs, by and through counsel, opposes the relief sought in the Defendants' Motions in limine and shall file answers thereto and moves this Honorable Court as a matter of urgency for an order continuing the trial currently scheduled for the 9th December, 2003, and for the further relief set out in the Memorandum attached hereto.

Respectfully submitted,

s/Raymond Becker

_____

**RAYMOND BECKER (0041641)**<br>
Trial Attorney for Plaintiffs<br>
324 Reading Road<br>
Cincinnati, Ohio 45202-1366<br>
(513) 241-6748<br>
Fax # 241-1615

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION

**1. STATEMENT OF FACTS**

This Honorable Court is aware of the history of the matter giving rise to the subject lawsuit and is respectfully referred to the Plaintiff' various memoranda filed in this matter.

Representatives of the Defendants had initially advised the Plaintiff through his representative at the time that the ladder involved was a "Model #387-28, Davidson Ladder Cuprum, 28 foot extension ladder". The hand written label had classified the ladder as a "Type 1" ladder. These representations are contained in exhibits marked "1" and "2". (These will manually be filed with Exhibits #3 and #4)

The Plaintiff proceeded with seeking discovery from the Defendants and information on the model ladder (Model #387-28, Davidson Ladder Cuprum, 28 foot extension ladder), represented by the Defendants representatives to be the ladder in question. Discovery provided has been in relation to the "Model #387-28, Davidson Ladder Cuprum, 28 foot extension ladder" represented to be the ladder in question by the Defendants representatives at the inception of this matter

The Plaintiff respectfully refers this Honorable Court to the entire set of Answers of the Defendant Cuprum to the Plaintiff's first set of Interrogatories apparently forwarded to the Plaintiff's representatives on the 21st January 2002 but also faxed through to the Plaintiff on September 18th 2002. A copy of the Answer and the remaining discovery documents received pursuant thereto will be

2

filed manually because of the bulkiness under the Exhibit #3. Additionally answers to a second set of interrogatories directed to the Defendant were refused by the defendants This will be filed manually under Exhibit #4.

The Plaintiffs in this matter have complied with every request for inspection of the ladder in question to the point of numerous rescheduling of inspections of the ladder by both Defendants' counsel and Defendants' Expert then identified as Mike Van Bree at the request of the Defendants. This in and of itself was some considerable period after the inspection of the ladder was finally made by Mike Van Bree in April 2002.

This representation was not dispelled by the "expert" James Sunderlin who fully examined the ladder and submitted the full report, photographs of the ladder in question along with certain alleged measurements.

Negotiations were commenced with at least the Defendant Cuprum through the offices of Edward E. Cooke and Associates in early 1999. By May 15th 1999 the expert employed to investigate the matter, James Sunderlinn, had prepared and presented his report following a thorough investigation of both the ladder in question and the location of the fall.

On or about November 30th 2001 Defendants Counsel personally inspected the entire ladder in question, its movements, the locations of the marks on the rungs the fractured rung lock, the base, feet, rope, etc. The Defendants' most recent expert, Mike van Bree, was scheduled to inspect the ladder on January 31st 2001.

This was cancelled by the Defendants and re-scheduled for April 9th 2002, again cancelled and rescheduled for April 15th 2002. The significance of reference to a label identifying a type I as opposed to type II ladder is raised in the Defendants' Motion had not been taken further yet not taken further.

Mike Van Bree finally inspected the ladder in question by April 2002.

The Defendants in their Motion for an Extension of the Expert Disclosure deadline referred to the ladder in question as a 32-foot aluminum extension ladder.

The formal opinion of Mike van Bree dated October 28th 2003 permitted by this Court pursuant to an order issued on October 7th 2003 and of which the Plaintiffs had no notice until the pretrial hearing on November 13th 2003, was eventually received by the Plaintiffs and contained a formal opinion that the ladder in question was a Model 405-28 Type II (Commercial Duty), 225 pound load capacity 28 foot extension ladder. (See exhibit #4 filed separately herewith) and not the "Model #387-28, Davidson Ladder Cuprum, 28 foot extension ladder" that it was represented to be by the Defendants representatives.

At the late deposition of Mr. Van Bree on December 1st 2003 he formally disclosed that amongst other things the color of the caps and footing are different on the two types of ladders. This deposition is not presently available and is being transcribed.

The discovery to date has been in relation to the "Model #387-28, Davidson Ladder Cuprum, 28 foot extension ladder" and not the Model 405-28 Type II (Commercial Duty), 225 pound load capacity 28 foot extension ladder

4

which the Defendants contend it is. This situation has arisen due to misleading information received by the Plaintiffs from the Defendants' representatives. This misrepresentation has resulted in the need for a continuance of the trial to obtain full and accurate discovery from the Defendants.

The Plaintiffs did not receive notice of the hearing on the 13th November, 2003 nor indeed notice that this Court had already ruled on the Motions filed by the Defendants regarding the late disclosure of their experts and their opinions. (The Plaintiffs knowledge of the next event in the subject proceedings was the settlement conference scheduled for the 19th November 2003.)

This was caused by an incorrect data entry of the Plaintiffs' representatives e-mail address by the Court's data entry personnel. The Plaintiffs first notice of the various contents and decisions contained in the order of this court permitting late disclosure of the Defendants' experts was at the pretrial pursuant to a call received from the Court staff on the 13th November, 2003 at 9:00 advising that the Pretrial conference had been scheduled for that morning and everyone was already at Court.

Notwithstanding the lateness of the notice and the late discovery of, inter alia the experts and the relevant documentation intended to be used by the Defendants at trial the Plaintiffs' representatives have made all due efforts to properly investigate and research the Defendants' recently disclosed information in preparation for trial. It has not been possible to fully consider the recent evidence of the Defendants experts.

5

It has not been possible to "re-prepare" the case on the discovery provided to date and that which is anticipated to arrive in the mail today. It has not been possible to properly prepare the matter based on initial misrepresentation and non disclosure by the Defendants in this matter.

In addition thereto the Defendants have filed numerous motions in limine which require response and to which there is appropriate response available.

Good faith efforts have been directed in preparing for trial in the face of inaccurate, misleading and the bulk of information not earlier disclosed now disclosed at the eleventh hour. The Plaintiffs are entitled to a full and fair disclosure of all relevant information in preparation for trial. This has proven impossible. Improper discovery practices should be met with appropriate sanctions.

As of the time of preparation of this motion the Plaintiffs do not have discovery of information pertinent to the ladder in question to properly "re-prepare" its case.

In addition thereto the ninety page attachment apparently filed on the 1st December 2003 relating to the testing of the ladder in question could not be downloaded by the Plaintiffs nor, it is understood, by Mr. Miller for e-mailing to the Plaintiffs. Plaintiffs have requested a copy thereof from the Defendants representatives. The documents filed by the Defendants electronically on the 1st December, 2003 may have been capable of being handed to Counsel for the Plaintiffs after the deposition taken of Mr. Van Bree at the offices of the representatives of the Defendant in Louisville Kentucky but were not.

Plaintiffs are entitled to full and accurate disclosure of the information sought pursuant to the first and second set of Interrogatories in relation to the model of ladder in question and not to the misrepresented model. The Defendants are obliged to fully and fairly provide such disclosure.

Plaintiffs are entitled to fair notice of experts and time within which to have those expert opinions evaluated by expert of their own.

The continuance of the trial date is sought by the Plaintiffs, clearly not to delay the matter but to receive full and proper disclosure from the Defendants and to evaluate its trial position and strategies based on the actual ladder used by the Plaintiff, Mr. Stevens that resulted in his injuries.

Respectfully submitted,

s/Raymond Becker

_____

**RAYMOND BECKER (0041641)**
Trial Attorney for Plaintiffs
324 Reading Road
Cincinnati, Ohio 45202-1366
(513) 241-6748
Fax # 241-1615

### CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of December, 2003, I electronically filed the foregoing and the attached tendered order with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:
   Jennifer Jansen Bouchard   jbouchard@ulmer.com
   Jamie K Neal   jneal@stites.com,

s/Raymond Becker
**RAYMOND BECKER (0041641)**
Trial Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION - CINCINNATI**

| | |
|---|---|
| **CLIFFORD STEVENS, et al**<br><br>Plaintiffs,<br>v.<br><br>**BUILDERS SQUARE, INC., DAVIDSON LADDERS, INC., DAVIDSON LADDERS TENNESSEE, INC., DAVIDSON MANUFACTURING CORPORATION, LOUISVILLE LADDER CORP., LOUISVILLE LADDER GROUP, LLC, CUPRUM S.A. de C.V. and EMERSON CO.**<br><br>Defendants | **CIVIL ACTION NO. C-1-00-901**<br><br><br><u>ORDER</u> |

Upon Motion of the Plaintiffs and the Court being sufficiently advised

IT IS HEREBY ORDERED that the trial of the within matter is continued and the trial date vacated.

IT IS FURTHER ORDERED that the Defendant provide answers to the First and second set of Interrogatories addressed by the Plaintiffs to the Defendant Cuprum be answered within thirty days of the date of this order.

_____
JUDGE

_____ _____
DATE