## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **CLIFFORD STEVENS, et al.** | **CIVIL ACTION NO. C-1-00-901** |
| **Plaintiffs,** | |
| | **(Spiegel, J.)** |
| v | |
| **DAVIDSON LADDERS, INC, et al.,** | **MOTION IN LIMINE TO EXCLUDE THE INTRODUCTION OR USE OF ANSI A14.2 – 1990 OR O.S.H.A. STANDARDS** |

Plaintiffs Clifford and Cynthia Stevens by and through counsel, move this Honorable Court pursuant for an Order excluding the introduction or use of the American National Standards for ladders-portable requirements (ANSI A14.2-1990) by Defendants at trial.

Included in Defendants' Exhibit List and referenced in the opinions of the Defendants' proposed experts the ANSI A14.2 Standards.

As the Memorandum in Support demonstrates, the ANSI Standard as well as other voluntary industry standards are irrelevant to a strict product liability tort action for manufacturing defect and, therefore, should not be introduced as evidence at trial.

Respectfully submitted,

s/Raymond Becker

_____

**RAYMOND BECKER (0041641)**

Trial Attorney for Plaintiffs
324 Reading Road
Cincinnati, Ohio 45202-1366
(513) 241-6748
Fax # 241-1615

## Memorandum In Support

### I. Plaintiffs' Claims

The Plaintiffs through counsel filed the subject action alleging a variety of strict product liability claims including negligence, failure to warn, as well as design and manufacturing defect. In addition thereto the Plaintiffs have asserted a claim for punitive damages based on the Defendants knowledge of the above either at the time of introducing the subject ladder into the market place or became aware thereof thereafter and either failed to warn of or make safe the know defect.

Accordingly, the issues for the jury to decide is whether or not Plaintiffs can demonstrate either or both causes of action through Ohio law and statute for manufacturing defect.

### II. ANSI Standard

The ANSI Standard, which the Defendants intend to introduce and use at trial, is published by the American Society of Safety Engineers which is not a governmental body. The subcommittee that developed the A 14-2 -1990

standard includes various individuals from the ladder industry. The standard itself states the following:

> The existence of American National Standard does not in any respect preclude anyone, whether they approve the standard or not, from manufacturing, marketing, purchasing, or using products, processes, or procedures conforming to the standard.

By the standards own terms, it has no impact on how a manufacturer should design or manufacture its products. The ANSI Standard is a completely voluntary standard developed by the industry for the industry.

### III.  Admissibility Standard

"Relevant evidence" means any evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Federal Rules of Evidence, Rule 401. Pursuant to the Federal Rule of Evidence 402, evidence that is not relevant is not admissible. FRE Rule 402 specifically states as follows:

> All relevant evidence is admissible, except as other provided by the Constitution of the United States, by the Constitution of the State of Ohio, by statute enacted by the General Assembly not in conflict with a rule of the Supreme Court of Ohio, by these rules, or by other rules prescribed by the Supreme Court of Ohio. **Evidence which is not relevant is not admissible**. (Emphasis added.)

Federal Rule of Evidence 403 states:

> Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury.

**IV.   Law and Argument**

As set forth above, Defendants plan to introduce and use a voluntary industry standard as evidence that the subject aluminum extension ladder does not contain a manufacturing defect. The law and statutory authority is clear; evidence of industry standards is inadmissible in a strict product liability action.

In a diversity action, the *Erie* doctrine dictates that the federal courts must apply State law. *Erie Railroad v.* Tomkins, 304 U.S. 64.

Ohio Rev. Code Section 2307.74, reads as follows:

> A product is defective in manufacture or construction if, when it left the control of its manufacturer, it deviated in a material way from the design specifications, formula, or performance standards of the manufacturer, or from otherwise identical units manufactured in the same design specifications, formula, or performance standards. **A product may be defective in manufacture or construction as described in this section even thought its manufacturer exercised all possible care in its manufacture or construction. (Emphasis added).**

Strict liability is a separate theory of recovery from that of negligence. *Lonzrick v. Republic Steel Corp.* 6 Ohio St. 2d 227. It has long since been decided

that a cause of action for strict liability does not need to allege nor prove negligence. *Lonzrick* at 230. In *Leichtamer et al., v. American Motors Corp., et al.* 67, Ohio St. 2d 456, the Supreme Court further clarified the development of product liability law by stated that "fault" does not have to be proven by the injured party in a product liability claim.

Defendants plan to introduce a voluntary standard (ANSI) to prove that they were in no way "negligent" in the manufacture of the product and, accordingly, the defect cannot exist. As is made clear by the above law, evidence of non-negligence in a strict product liability case is irrelevant and impermissible.

Not only does the law of Ohio dictate that it is impermissible to introduce or use an industry standard in a product liability claim, but the Sixth Circuit has decided the same. In *Minichello v. U.S. Industries, Inc.,* 756 F. 2d 26, the Sixth Circuit had to decide whether it was error to admit evidence of compliance with the federal Occupational Safety and Health Administration (OSHA) standards in a case involving strict liability in tort and breach of implied warranty only. *Id.* at 28. The Circuit Court determined that the admission of such evidence was prejudicial error and reversed the trial court's ruling. *Id.* at 31. The Circuit Court found express language within the statute stating that it was not intended to affect the civil standard of liability. *Id.* at 29. While the Court declined to decide the propriety of admitting ANSI standards, it did note that the ANSI standards Institute "lacks the prestige of the Occupational Safety and Health Administration." *Id.* at 30. Clearly, if the jury in this case relies upon and

5

allowed to consider ANSI standards it would alter the civil standard of liability which states that "**[A] product may be defective in manufacture or construction as described in this section even thought its manufacturer exercised all possible care in its manufacture or construction.**"

While the Court declined to address the admissibility of the ANSI standard in *Minichello* the issue was addressed in *Bailey v. V & O Press Co., Inc.* 770 F. 2d 601. In *Bailey*, the Sixth Circuit held the application of OSHA **and** ANSI was irrelevant and inadmissible in a strict liability action. *Id.* at 607-608. The Court considered, in part, the propriety of the district court's refusal to instruct the jury to limit the weight accorded testimony regarding industry standards embodied in OSHA and ANSI.[1] In deciding, the Court reiterated the standard set forth in *Temple v. Wean United, Inc.,* 50 Ohio St. 317, which states, "[I]n Ohio, the custom and standards of an industry are relevant to proving a manufacturer's standard of care <u>in a negligence action</u>." *Temple* at 326. The Court held that the district court's failure to give a limiting instruction after submitting the case to the jury on the strict liability claim permitted unrestricted consideration of the testimony. *Bailey* at 609. See also *Sours v. General Motors Corp.*, 717 F.2d 1511 (C.A. 6 (Ohio) 1983); *Knitz v. Minster Machine Co.* (1982), 69 Ohio St.2d 460; *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317. (Under Ohio law, a manufacturer's compliance with regulations, whether federal, state, or industry, does not bar a manufacturing defect claim.) The Court held that the

---

[1] The Plaintiffs' claims included negligence, but only the product defect claims were ultimately submitted to the jury.

subject industry and governmental standards (OSHA, ANSI and Ohio statute) could, "not be asserted as a defense to shield manufacturers from liability for defective products." *Id.* at 608.

### Conclusion

For the foregoing reasons, Plaintiffs respectfully requests an order excluding the introduction or use of ANSI or OSHA or any other voluntary industry standard at trial.

Respectfully submitted,
s/Raymond Becker

_____

**RAYMOND BECKER (0041641)**
Trial Attorney for Plaintiffs
324 Reading Road
Cincinnati, Ohio 45202-1366
(513) 241-6748
Fax # 241-1615

### CERTIFICATE OF SERVICE

I hereby certify that on December 4th 2003, this *Motion in Limine Exclusion of ANSI and OSHA Standards at Trial* was filed electronically. Parties may access this filing through the Court's system.

s/ Raymond Becker
Raymond Becker (0041641)

7