UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION-CINCINNATI

| | |
|---|---|
| CLIFFORD STEVENS and CYNTHIA L. STEVENS | CIVIL ACTION NO. C-1-00-901 (Spiegel, J.) |
| PLAINTIFFS | |
| v. | DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR A CONTINUANCE |
| DAVIDSON LADDERS, INC., et al. | |
| DEFENDANTS | |

Defendants, Davidson Ladders, Inc., Davidson Ladders Tennessee, Inc., Davidson

Manufacturing Corporation, Louisville Ladder Corporation, Louisville Ladder Group, LLC,

Cuprum S.A. de C.V., and Emerson Electric Corporation, by counsel, oppose plaintiffs' last-

minute request to delay the trial of this matter.  This case has been pending for more than three

years, and defendants are prepared to go forward with the trial next week.  Defendants ask that

the Court deny plaintiffs' motion.

**1.    Mis-identification of the accident ladder cannot be blamed on defendants.**

Plaintiffs ask for a continuance of the trial date "to receive full and proper disclosure

from the Defendants and to evaluate its trial position and strategies based on the actual ladder

used by the Plaintiff."  Pls.' Mot. For Continuance at p. 7.  Plaintiffs' motion blames mis-

identification of the accident ladder on the defendants or their alleged "agents," but the true facts

are not those represented in plaintiffs' motion.

The true facts are that plaintiffs and their counsel had sole possession, custody, and

control of the accident ladder in early 1999 when the ladder was tentatively identified as a model

387.  Because none of the named defendants had seen the ladder at the time it was erroneously

identified and, in fact, Exhibit 1 to plaintiffs' motion is a written request to plaintiffs'

predecessor counsel for "positive" identification of the ladder in question, the inescapable

conclusion is that plaintiffs themselves are the source of the mistaken identification of the model

number.

During the more than three years this case has been pending, defendants have timely

responded to all proper discovery requests and furnished all court-ordered disclosures. On

December 5, 2001, plaintiffs served their first set of interrogatories, consisting of well over 50

questions, primarily seeking information regarding the "subject ladder." *See* Ex. A, attached.

Plaintiffs identified the "subject ladder" as "a 28-foot aluminum extension ladder identified by a

Mr. Edward Cooke of the Defendant Cuprum as a Type I, model #387-28, with the labeled date

of 'manufacture' May 1993." *Id*. at p. 1.

When defendants received plaintiffs' first interrogatories in December 2001, the only

identification then available was plaintiffs' representation in the interrogatories that the ladder

was a Type I model 387-28. This representation by plaintiffs was consistent with the

handwritten label on the ladder present at the time of plaintiffs' purchase. Plaintiffs specifically

requested information regarding the model 387-28 ladder, and defendants fully responded to

plaintiffs' lengthy interrogatories on that basis.

Contrary to plaintiffs' suggestions to the contrary, there is no document in which the late

Mr. Cooke advised the plaintiffs that the ladder is a model 387. As indicated in the January 20,

1999, letter that is Exhibit 1 to plaintiffs' motion for continuance, Edward Cooke & Associates

handled claims on behalf of Davidson Manufacturing, Inc., at the time that plaintiffs' claim first

arose. In that January 1999 letter to plaintiffs' then-counsel, an associate with Edward Cooke,

William James, refers to "your clients [sic] incident with a model #387-28, aluminum extension

ladder." Mr. James goes on to ask for "positive identification of the ladder in question," thus

indicating that his reference to the ladder as a "model #387-28" was unsupported and likely based on information from the plaintiff.[1]

Around May 1999, James Sunderlin inspected the subject ladder at the request of Edward Cooke & Associates. Mr. Sunderlin did not identify the ladder by model number or rating, however.[2] *See* Ex B, attached. In fact, his report is completely silent on both topics.

On April 15, 2002, one of defendants' testifying experts, Michael Van Bree, inspected the subject ladder for the first time. Only then did defendants discover that the ladder in question was a Type II, model 405-28 ladder rather than a Type I, model 387-28 ladder as plaintiffs had indicated. *See* M. Van Bree's inspection notes, attached as Ex. C (noting with an exclamation mark that the ladder is a Type II). Plaintiffs' misidentification of the ladder was not concealed by the defendants. In August 2002, in a brief filed with the Court, defendants notified plaintiffs that Mr. Van Bree had determined that the product was not a Type I, 250 lb. rated ladder but a "less expensive Type II ladder." Memorandum in Support of Defendants' Motion to Stay Further Proceedings, August 28, 2002, at 2.

As for other discovery, on November 1, 2002, plaintiffs served on defendant Cuprum a lengthy, second set of interrogatories consisting of over 90 questions (including subparts). Defendants objected to these interrogatories because they exceeded the number of interrogatories allowed under Fed. R. Civ. P. 33(a), particularly considering that Cuprum had already responded to over 50 interrogatories. Plaintiffs never asked the court for permission to exceed the

---

[1] The other letter that plaintiffs refer to, their Exhibit 2, is a January 14, 1999, letter from a representative of Builder's Square, a defendant dismissed at plaintiffs' request. The identification of the ladder in that letter is also likely based on information from plaintiff since the January 14 correspondence precedes the first communication between plaintiffs and Edward Cooke and Associates.

[2] Contrary to plaintiffs indications, defendants have never identified Mr. Sunderlin as an "expert" and, in fact, have not even identified him as a witness for trial. Furthermore, there is no document in which Mr. Sunderlin identifies or claims to have knowledge of the model ladder involved in this case.

limitations of Rule 33(a) and did not make a motion to compel defendants to respond to these interrogatories. Plaintiffs have not propounded any other interrogatories.

**2.  Mis-identification of the ladder model is not grounds for a continuance.**

Plaintiffs' motion does not explain why, at this late date, mis-identification of the ladder's model number makes any difference to their theory of the case, much less serve as ground for postponing the trial. Plaintiffs' burden is to produce scientifically sound evidence suggesting that a product defect in existence at the time the ladder left the manufacturer's control proximately caused the plaintiff's injury. *See* Ohio Rev. Code Ann. §§ 2307.71, et seq., (Banks-Baldwin 1999). Plaintiffs do not explain to this Court how re-labeling the accident ladder from a model 387 to a model 405 impacts this legal burden

As evidence that plaintiffs' claims do *not* depend on the model number of the ladder, the Court may wish to review the plaintiffs' disclosure of and reports from Dr. Jayaraman, plaintiffs' only engineering witness. Nowhere in Dr. Jayaraman's writings is there any mention of or reliance on the ladder's model number.  Dr. Jayaraman also does not mention or rely on the duty rating of the ladder, Type I versus Type II. But even if plaintiffs intend to suggest that a difference in the ladder's duty rating warrants a continuance, plaintiffs cannot deny that defendants disclosed the correct duty rating to the Court and all parties in their August 2002 motion to stay further proceedings, *supra*.

The bottom line is that defendants have answered all proper discovery, timely provided their expert disclosures, and made all requisite pre-trial filings. Defendants served their expert disclosures, including complete reports and all other information required by Rule 26(a)(2), on October 31, 2003, pursuant to the court's order of October 8, 2003. This past Monday, December 1, 2003, defendants timely provided plaintiffs' counsel and the court with copies of all

exhibits defendants intend to use at the trial of this matter.  Defendants have also accommodated plaintiffs by arranging for depositions of both of defendants' experts, Mr. Van Bree and Dr. McGarry, in the week before trial.

Plaintiffs have had more than three years to prepare for trial.  Defendants should not be forced to incur further time and expense due to plaintiffs' last-minute request for yet more time to prepare their case.  Defendants ask that the court deny plaintiffs' motion.

**/s/ Jennifer J. Bouchard**
Joseph P. Thomas
Jennifer Jansen Bouchard
ULMER & BERNE, LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio  45202-2409
Telephone:  513/762-6200

John L. Tate
Jamie K. Neal
STITES & HARBISON
400 West Market Street, Suite 1800
Louisville, Kentucky  40202-3352
Telephone:  502/587-3400

COUNSEL FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of December, 2003, I electronically filed the foregoing and attachments with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Raymond Becker
324 Reading Road
Cincinnati, Ohio  45202-1366

**/s/ Jennifer J. Bouchard**
Counsel for Defendants