UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CLIFFORD STEVENS and<br>CYNTIHA L. STEVENS, | :<br>: Civil Action No. C-1-00-901<br>: |
| Plaintiffs, | : Judge Spiegel<br>: |
| V. | :<br>: |
| BUILDERS SQUARE, INC., DAVIDSON<br>LADDERS, INC, DAVIDSON LADDERS<br>TENNESSEE, INC., DAVIDSON<br>MANUFACTURING CORPORATION,<br>LOUISVILLE LADDER CORP.,<br>LOUISVILLE LADDER GROUP, LLC,<br>CUPRUM S.A. de C.V., and EMERSON<br>ELECTRIC CO. | :<br>:<br>: PLAINTIFFS' FIRST SET<br>: OF INTERROGATORIES<br>: DIRECTED TO<br>: DEFENDANT CUPRUM<br>:<br>: |
| Defendants. | : |

Now come Plaintiffs and propound the following interrogatories to the Defendant Cuprum as contemplated by the provisions of Fed. R. Civ. P. 33 and 34

Reference hereinafter to the subject ladder is reference to a 28-foot aluminum extension ladder identified by a Mr. Edward Cooke of the Defendant Cuprum as type I, model # 387-28, with the labeled date of "manufacture" May 1993 (the "ladder").

1. Identification; Background Information Concerning Defendant Corporation

    a. State your name, date of birth, residential address, business address, position held and dates of each as an employee of the Defendant;

    b. Precisely how are/or was the Defendant Cuprum related to each of the remaining Defendants on or about

12/5/01

1. May 1993;

2. October 17th 1998.

<u>The ladder</u>

<u>Design, Manufacture and Distribution</u>

2. If the Defendant designed, manufactured, marketed, sold or assembled the ladder and/or its successorss, state the following:

    a. the date when the design of the ladder its predecessor and successors was completed and put into the chain of commerce respectively;

    b. who was in control, on behalf of Cuprum, of the design, manufacture, assembly of the ladder, its predecessor and successors;

    c. the name and address of the person, company, firm or corporation to whom the ladder and its successors was sold by the Defendant;

    d. the date when, if applicable the manufacture of the ladder was discontinued and the reason therefor;

  e. the respects in which the successors to the ladder differed from the ladder

3. If any other company, firm or corporation participated in the design and/or modification and/or manufacture and/or assembly, of the ladder, its predecessor and/or its successors, state the following:

  a. the name and address of each such company, firm or corporation; and

  b. which parts of the ladder each such company, firm or corporation designed and/or manufactured and/or assembled.

4. If the Defendant designed and/or developed any aspect of the ladder or of its successors:

  a. state the name, present address and position with the Defendant of each person who contributed to the design and/or development, or both, of the ladder or its successors;

  b. state the dates, inclusive, during which the ladder and its successors were designed and/or developed; and

    c.    identify the specific industry or governmental standards which the Defendant consulted and complied with, if any, in designing and developing the ladder and its successors;

    d.    In what respects the successors to the ladder differed from the ladder;

5.    <u>Safety Devices</u>

Describe in as much detail as possible each safety device or apparatus with which the ladder was equipped or which was offered by the Defendant as optional equipment when it was sold or otherwise left the care, custody or control of the Defendant, and for each such device or apparatus:

    a.    state its purpose, location on the ladder and manner of operation; and

    b.    identify each such device or apparatus which was designed or intended to prevent or inhibit a user of the ladder from falling or injuring himself in the operation and/or use of the ladder.

6.    <u>Costs</u>

    <u>State as accurately as possible</u>:

    a.    the total cost incurred by the Defendant in manufacturing the ladder, including the cost of each safety device incorporated into the ladder as standard equipment as contemplated by Interrogatory 5(b) at the time the Defendant sold, marketed or distributed the ladder or the ladder otherwise left the Defendant's care, custody or control;

    b.    the total price received by the Defendant for the ladder, including the price of each safety device incorporated into the ladder as standard equipment at the time the Defendant sold, marketed or distributed the ladder or the ladder otherwise left the Defendant's care, custody or control;

    c.    the total price received by the Defendant for each safety device sold by the Defendant as standard or optional equipment for the ladder as contemplated in Interrogatory 5 (b) at the time the Defendant sold, marketed or distributed the ladder or the ladder otherwise left the Defendant's care, custody or control;

7.    <u>Modifications</u>

If the Defendant has made any changes, modifications replacements, or taken any other steps with regard to the design of the ladder in order to make it safer:

    a.    describe in as much detail as possible each such change, modification, replacement or other action taken in this regard and state in as much detail as possible the reasons for each such change, modification, replacement or other action;

    b.    state the name, present address and position with the Defendant of each person who recommended, suggested or approved each such change, modification, replacement or other action; and

    c.    if any changes, modifications, replacement or other action were recommended to the Defendant but were not adopted by the Defendant, please state the date when each was recommended or suggested and state in as much detail as possible the reasons why each was not adopted.

8.   <u>Tests and Inspections</u>

If any tests, inspections, studies or experiments (in-house or by anyone or entity other than the Defendants) were conducted on the ladder, its successors or any similar product by or for the Defendant in order to determine any of the following, identify the date, nature of the test and the documented results:

    a.    the safety characteristics of the design and specifications of the ladder during its operation;

    b.    the operation of the fly portion of the ladder and the securing of it in a desired position on a rung;

    c.    the necessity of a safety guard being on the ladder during its operation to prevent the user from inadvertently disengaging any safety and or locking device in the operation of the ladder;

    d.    the hazards associated with the operation of the ladder;

    e.    the necessity of using emergency stop controls or locking or interlocking controls during the operation of the ladder;

    f.    the hazards associated with the operation of the ladder without the emergency or other stop controls or interlocking devices;

    g.    the spring mechanism securing the rung lock on the rung;

    h.    any other hazards.

9.    State the date or dates, inclusive, when each test, inspection, study or experiment referred to in Interrogatory 8 was conducted along with the location, identity and person in custody of any documented testing and results.

10.    Describe in as much detail as possible the purposes, methodology, step-by-step procedure and results of each such test, inspection, study or experiment.

11.    <u>Instructions Provided</u>

If the Defendant provided information, safety precautions, operator's manuals, instructions or warnings to the distributor or the ultimate user of the ladder prior or subsequent to the date when the Plaintiffs accident occurred for each such piece of information, safety precaution, operator's manual, instruction or warning, state:

    a.    the date when each was provided to the distributor or the ultimate user of the ladder; and

    b.    where on the ladder or with the ladder each appeared.

    c.    Identify it and provide copies as if for purposes of Fed. R. Civ. P. 34

## 12. Express Warranties

If the Defendant provided any express warranties with respect to the ladder, please state where on the ladder or with the ladder each such warranty appeared, identify each and provide copies of each as if for purposes of Fed. R. Civ. P. 34.

## 13. Knowledge of Similar Products

Prior or subsequent to the date when the Plaintiffs accident occurred, as alleged in the Plaintiffs complaint, did the Defendant or any of its officers, agents, servants or employees have knowledge of any other individual, company, corporation or manufacturer which manufactured products such as the ladder referred to in the Plaintiffs complaint, but with:

    a.    a different design and specifications than that of the ladder;

    b.    precautions, warnings or instructions concerning the operation of their product different than any precautions, warnings or instructions provided by the Defendant with regard to the ladder;

    c.    any type of safety guard designed to keep a user from inadvertently disengaging any safety and or locking device in the operation of the ladder;

  d.  emergency stop controls or interlocking devices designed to prevent operation of the ladder when a safety guard or operating mechanism is not in place or functioning properly; or

  e.  any other safety equipment or safety device different than that supplied by the Defendant, if any, to the user of the ladder?

14. If the answer to any subpart of the previous interrogatory is in the affirmative:

  a.  identify each such subpart;

  b.  state the name and address of each such individual, company, corporation or manufacturer, and

  c.  describe in as much detail as possible the manner in which each such product differs from the ladder referred to in the Plaintiffs complaint with regard to the aspects referred to in subparts (a) through (e) of Interrogatory 13.

15. <u>Complaints Received</u>

If the Defendant personally or through its agents, distributors, and the like, received, within the period from May 1992 through January 2000 any complaint, correspondence or other communications relating to personal injury or death associated with the use of the ladder or with other similar products manufactured by the Defendant, state:

    a.    the name and address of each person who made each such complaint, correspondence or communication;

    b.    the date when each such complaint, correspondence, or communication was received by the Defendant;

    c.    the verbatim contents of each such complaint, correspondence or communication, or attach copies thereof to your answers to these interrogatories;

    d.    if any amount was paid to the party complaining the identity of the party so paid, the amount paid, the date of such payment and the reason therefor are requested

16. <u>Lawsuits</u>

If any legal actions have been filed against the Defendant alleging personal injuries or death associated with the use of the ladder or any ladder in which is employed any of the safety devices contained in the ladder, state the following:

    a.    the caption, jurisdiction and file number of each such legal action;

    b.    the names and addresses of counsel for each plaintiff in each such action; and

  c. the result or status of each such legal action, including the amount of each settlement or verdict.

18. <u>Advertisements</u>

State the name of each and every periodical, magazine, trade journal, newspaper or each other printed media in which the Defendant advertised the ladder or its successors commencing two years before the date that the ladder was manufactured and continuing until the present time.

19. <u>Facts Relied Upon</u>

State in as much detail as possible all of the facts upon which the Defendant relied in asserting each of the affirmative defenses stated in the Defendant's answer to the Plaintiff's complaint.

20. <u>Expert Witnesses</u>

State the name and current or last known address of each person whom you expect to call as an expert witness at the trial of this action, and for each such person, please state the following:

  a. the subject matter on which each such expert may be expected to testify;

  b. the substance of the facts and opinions to which each such expert may be expected to testify; and

  c. a summary of the grounds for each such opinion.

21. <u>Insurance</u>

If there exists any policy of insurance which insures the Defendant from liability for damages arising from the circumstances described in the Plaintiffs complaint, state the

name and address of each insurance company issuing each such policy, the number of each such policy and the limits of liability insurance coverage afforded by each such policy for injuries to any one person, including, but not limited to, umbrella policies.

Respectfully submitted,

_____
RAYMOND BECKER (0041641)
Trial Attorney for Plaintiffs
324 Reading Road
Cincinnati, OH 45202
(513) 241-6748
(513) 241-1615 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Interrogatories directed to the Defendant, Cuprum was served on Attorneys John Tate and Jamie K. Neal, Stites & Harbison, 400 W. Market St., Ste. 1800, Louisville, KY 40202-3352; and Jennifer J. Bouchard, Ulmer & Berne, LLP, 600 Vine St., Ste. 2800, Cincinnati, OH 45202-2409, via regular U.S. Mail, this 5th day of December, 2001.

_____
RAYMOND BECKER (0041641)
Trial Attorney for Plaintiffs
324 Reading Road
Cincinnati, OH 45202
(513) 241-6748
(513) 241-1615 (Fax)