James M. Sunderlin
11 Liberty Street, P.O. Box 251
Fredonia, PA 16124-0251

May 15, 1999

Edward E. Cooke
Edward E. Cooke & Associates
728 Straub Road
Chesterfield, MO 63017-7948

RE: Clifford Stevens Claim

Dear Mr. Cooke:

Enclosed is my photographic report and legend in the captioned matter. Mr. Stevens is a very sophisticated, successful claimant. He claims to be an engineer. The damage to the left-hand lock assembly probably occurred when the lock assembly was driven past the rung sharply to encounter the guide bracket, causing the damage shown in photos # 16 and #17. Photo # 16 clearly shows the witness mark where the lock was driven into the bracket. If properly assembled, this can only happen after the lock tip have been broken, allowing it to move past the fly rung. There are no witness marks that I could find to evidence the lock tip breaking on the ladder rung. Interestingly enough, there are no signs on the right hand lock assembly to correspond with the damage to the 7th base rung. This might suggest that the locks were changed after the damage to the 7th base rung. There were no witness marks on the fasteners of either lock to suggest either been removed. Mr. Stevens claims that his wife must have misplaced the small lock fragment shown in the other photos that he took. The remainder of the lock is reportedly lost, having never been found. Mr. Stevens favors the theory that it was fragmented into multiple pieces and propelled into the nearby wood lot. While I did not tell him this, the cast lock simply does not have the ability to store the necessary energy to propel it more than ten feet from the accident site. I did look in the obscure areas surrounding the deck but was unable to locate the lock fragment.

Mr. Stevens tells us, he positioned the ladder on the right hand rain gutter and climbed onto the roof. His son moved the ladder to the other roofline (the one with the tears in the window screen) where he mounted the ladder to climb down. He had been working in this area for some five to fifteen minutes when the fly suddenly telescoped into the base. The ladder spontaneously re-locked (he relates) causing the damage to the screen. He relates that the ladder stayed in position at the screen and he fell to the deck, causing his injuries.

If we are to accept what Mr. Stevens tells us for background, it seems more plausible to assume that he moved the ladder himself, from the top, disengaging the ladder locks. When he climbed back onto the ladder, the ladder simply telescoped, causing his fall.

Neither scenario will explain the damage to the 7th base rung with no corresponding witness marks on the lock, or the missing lock and the witness marks on the lock bracket and corresponding witness marks on the lock fragment. It feels to me that there is more to this than we made aware. The clear evidentiary links are the missing lock fragment(s) and the missing witness marks on the intact right hand lock assembly. I believe that we should look to some high magnification microscopy to confirm or deny any correspondence with the rung damage. It does appear that he has constructed an accident scenario that will be difficult to defend, however implausible. He seems to have worked out all the 'right' answers.

Included are my photographs, legend and field notes.

Sincerely yours,


James M. Sunderlin
Consulting Engineer