**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **CLIFFORD STEVENS, et al.** | **CIVIL ACTION NO.  C-1-00-901** |
| **Plaintiffs,** | |
| | **(Spiegel, J.)** |
| **v** | |
| **DAVIDSON LADDERS, INC, et al.,** | **PLAINTIFFS' RESPONSE TO** |
| | **DEFENDANTS OPPOSITION** |
| **Defendants** | **TO PLAINTIFFS' MOTION TO** |
| | **CONTINUE TRIAL** |

Plaintiffs' by counsel, respond to the Defendants' opposition to the Plaintiffs' Motion to continue the trial in this matter as is more fully set out hereunder.

The model number and special configuration of the ladder in question which has at all times over the last five years been made available to the Defendants is information solely within the knowledge of the defendants and its distributors.

As recently as December 1st 2003 at and through the rescheduled deposition of the Defendants' employee and expert Mr. Van Bree, the Plaintiffs' discovered that there is in fact documentation in the possession now of Mr. Van Bree, containing complaints to, inter alia, the Defendant Cuprum filed by persons injured as a result of the use of its ladders. Although the files have been destroyed there are sheets containing summaries of these complaints. Mr. Van Bree at his deposition advised that he was unable at the deposition to assist with

the precise information contained therein. He was formally requested at the deposition to provide copies of all documentation relating to the complaints. Although counsel for the defendants indicated that a request in writing would be required she was advised that the request had been recorded and formally made. The documentation or information within the defendants' possession, presumably at the time the first set of interrogatories was served was not disclosed. The court is respectfully referred to the responses to those interrogatories contained in Exhibit 3 filed with the Plaintiffs' motion to continue the trial and for full and fair disclosure. This documentation has not been received to date.

Complete and direct answers to the questions asked in the Plaintiffs First and Second set of Interrogatories as it relates to the subject ladder is and has at all times been a material part of discovery. The responses obtained relate to the incorrect ladder. The subject ladder had been made available to the defendants' then expert James Sunderlin who failed to disclose the model and description of the ladder as defined within the records of the defendants. The Plaintiffs proceeded on the basis of this misrepresentation. A response to the second set of interrogatories may have elicited the true information relating to this and more specifically the rung lock configuration in question. This was objected to apparently on the basis that the Plaintiffs' had had the opportunity to ask all the questions it was entitled to ask, albeit in relation to the misrepresented model of ladder. Plaintiffs' had justifiably proceeded on the misrepresentation of the

model of the subject ladder. Efforts to obtain discovery on the rung lock configuration in question were thwarted.

**Further Nondisclosure of Additional and Critical Information**

The Plaintiffs discovered through the late discovery of the Expert Mr. Van Bree and the contents of the Rule 26 disclosures that there are at least three further cases based on the recall of Mr. Van Bree, involving aluminum extension ladders and in respect of which Mr. Van Bree has been an integral part, either by way of deposition or through trial testimony. These have been disclosed at his deposition on the 1st December 2003 to have been the O'Donald, Laroso, Flynn and Jenkins matters. Of these the O'Donald matter at least involved a rung lock issue. The responses to the interrogatories (Exhibit 3) do not contain these matters. As indicated supra the Plaintiffs have additionally not been provided with the requested records containing complaints against Cuprum for injuires arising out of the use of its ladders. Additionally, Mr. Van Bree was questioned on his knowledge of numerous cases by parties and State location, some of which "sounded familiar" to him, (Mr. Van Bree's Deposition is not available as of preparation of this response).

Of critical importance to the Plaintiffs claim, inter alia, for punitive damages is the knowledge on the part of the Defendants of problems with the subject rung lock configuration, more specifically its failure to secure itself properly resulting in what has been described as a "false locking". There are, to the knowledge of the defendants, cases that have been pursued successfully

because of the false locking of the rung locks produced by it and on its aluminum extension ladders.  These are on ladders that have apparently "complied with ANSI and OSHA" requirements when they left the manufacturer and were put into the stream of commerce. The Defendants are aware of these cases.

An excerpt from the web page of Allen and Murphy in Florida discloses this:

" A products liability lawsuit against a ladder manufacturer leads to a jury award on October 11, 2001. ORLANDO - A unanimous jury awarded $3,076,190 to a man whose hip was fractured in a ladder accident five years ago. On July 3, 1996, Mr. Gay was climbing a ladder at work in order to inspect a roof leak. As he was ascending the ladder, the ladder bowed in, and a section of the fiberglass rail fractured, causing Mr. Gay to lose his balance, and fall to the ground. The ladder was manufactured by CUPRUM, and was a 26' fiberglass ladder. The fiberglass rails were manufactured by Strongwell Corporation. The jury concluded that the ladder manufacturer negligently made the ladder in that it was highly susceptible to a condition known as *false lock*, where the fly locks would look and act as if they were locked, when they were not.  This condition is inherently unstable, and can fail at any time. The ladder manufacturer failed to warn of such a condition, failed to test for it, and failed to properly design its ladders to prevent or minimize such a condition. There was extensive information available to Cuprum and the ladder industry about this problem, and yet they did nothing to correct it."

It is the misrepresentation of the ladder model, the lack of full disclosure in answer to Plaintiffs Interrogatories, the late disclosure of experts and late discovery obtained through the Defendants' employee and expert Mike Van Bree that has resulted in the need to fully investigate the matter properly and pursuant to full and fair disclosure sought by the Plaintiffs. Mr. Van Bree's examination of the ladder was on April 15th 2002. His Expert report and findings were revealed early in November 2003. There was no legitimate reason to conceal his opinions and full findings, especially when numerous requests therefore had been made for inter alia, purposes of deposing him. The latest discovery now additionally apparently involves some testing materials produced in what appears to be Spanish.

The need for a continuance of the trial, it is reiterated, has been necessitated by the lateness and lack of full disclosure by the Defendants. The magnitude of the investigation that has been necessitated by the late and lack of full disclosure is completely overwhelming , and despite good faith efforts on the part of the Plaintiffs, it is impossible to complete proper preparation for trial of the this matter in the limited time available. Counsel for the Plaintiffs has made available the Plaintiffs expert Dr. Jayaraman for deposition. It appears that this will be required by the Defendants. A continuance of the trial will facilitate this for the Defendants.

Plaintiffs' counsel is to take the deposition of the Defendants remaining expert, Dr. Dennis L. McGarry in Columbus at 9:30 this morning. At this stage it

is not certain what information will be revealed from this deposition that may

require analysis and investigation through another expert.

The Plaintiffs respectfully request the necessary continuance of the trial

sought.

Respectfully submitted,

s/Raymond Becker

_____

**RAYMOND BECKER (0041641)**

Trial Attorney for Plaintiffs

324 Reading Road

Cincinnati, Ohio 45202-1366

(513) 241-6748

Fax # 241-1615

broekies_2000@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 5th 2003, this *Response to the Defendants Opposition to The Plaintiff' Motion for a Continuance of the Trial* was filed electronically with the Clerk of the Court using CM/ECF system which will send notification of such filing to Jennifer Bouchard and to Jamie Neal (with John Tate at Stites & Harbison PLLC).

s/ Raymond Becker_____
Raymond Becker (0041641)

Trial Attorney for Plaintiffs

324 Reading Road

Cincinnati, Ohio 45202-1366

(513) 241-6748

Fax # 241-1615

broekies_2000@yahoo.com