UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CLIFFORD STEVENS, et al.,      :    NO. 1:00-CV-000901
                               :
    Plaintiffs,                :
                               :    **ORDER**
  v.                           :
                               :
BUILDERS SQUARE, et al.,       :
                               :
    Defendants.                :

       This matter is before the Court on Plaintiffs' Motion for a Continuance of the Trial, and for an Order to Obtain Discovery and for Time to Respond to Defendants' Motions in Limine (doc. 51), and Defendants' Memorandum in Opposition (doc. 54).

       Plaintiffs' Motion requests a continuance of the December 9, 2003 trial due to the fact that their discovery to date has been erroneously directed to the model number 387-28, Davidson Ladder Cuprum 28 foot Type I extension ladder, rather than to the model number 405-28 Type II ladder, which is apparently the model type actually in question in this case (doc. 51). Plaintiffs further signal confusion with the Court's new electronic filing system, which has hampered their counsel's participation in the case (Id.). Finally, Plaintiffs aver that Defendants' eleventh-hour discovery disclosure in this matter has precluded them from completing a proper investigation in preparation for trial, and Defendants have filed numerous motions in limine to which they need time to respond (Id.).

       Defendants' Motion in Opposition argues that

misidentification of the accident ladder cannot be blamed on them, because it was actually Plaintiffs who originally misidentified the subject ladder, and who served lengthy interrogatories regarding a Type I ladder (doc. 54).  In any event, Defendants argue that misidentification is not grounds for a continuance, as Plaintiffs' claims are not dependent on a model number, and Plaintiffs' expert does not rely on any distinction in the ladder's duty rating (Id.). Defendants argue that they have answered all proper discovery, timely provided their expert disclosures, and made all requisite pretrial filings (Id.).  Specifically, Defendants posit that Plaintiffs' second set of interrogatories of over ninety questions exceeded the number allowed under Fed. R. Civ. P. 33, and so Defendants objected (Id.). Defendants argue that Plaintiffs failed to follow any of the proper procedures to obtain permission to exceed the allowable number of interrogatories, or to compel responses (Id.).  Defendants conclude that Plaintiffs have had more than three years to prepare for trial, and Defendants should not be forced to incur further time and expense due to Plaintiffs' last-minute request for more time to prepare their case (Id.).

       Having reviewed this matter, the Court finds the interests of justice in this case militate against the denial of Plaintiffs' Motion for a Continuance.  As an initial matter, there seems to be confusion on the part of Plaintiffs' counsel regarding the functioning of the electronic filing system.  The Court suggests that Plaintiffs' counsel schedule a training session with the U.S. District Court's clerk's office, which conducts such

training to assist counsel in mastering the new system.

With regard to the misidentification of the ladder, it is not currently the purpose of the Court to resolve where the fault lies in regard to that problem. However, whether the ladder is a Type I or Type II ladder may indeed be relevant if the rung lock devices differ. The Plaintiffs seem to have focused on a broken rung lock device on a Type I ladder, while the ladder has now been identified as a Type II ladder.

Under the circumstances and in the interests of justice, the Court finds that Defendants will not be prejudiced by continuing the trial. A brief continuance should enable Plaintiffs to determine the significance, if any, of the different model type to the broken or failed locking device that allegedly caused the accident in this case.

The Court further observes that Plaintiffs complain that Defendants refused to answer certain interrogatories. Our rules provide for a limit on the number of interrogatories and also for a method for compelling responses, and handling objections thereto. Under a general order of reference, all matters relating to discovery such as the foregoing are to be decided by the Magistrate Judge assigned to the case. If the parties are dissatisfied with the Magistrate Judge's decision, the rules provide for an appeal to this Court.

It is the Court's policy that there will be no surprises, blind-siding, or trial-by-ambush. Before the Court will devote judicial resources to trying the case, the Court expects the

parties to have a complete understanding and awareness of all of the relevant facts.

Accordingly, the Court GRANTS IN PART Plaintiffs' Motion (doc. 51), inasmuch as the Court VACATES the December 9, 2003 trial date (doc. 42), and RESETS the four-day jury trial to commence on March 15, 2004.  Discovery shall continue until the date of trial.  The Court further SCHEDULES a status conference for 3:00 p.m. on January 29, 2004.

SO ORDERED.

Dated: December 5, 2003          s/S. Arthur Spiegel
                                 S. Arthur Spiegel
                                 United States Senior District Judge