UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION-CINCINNATI

| | |
|---|---|
| CLIFFORD STEVENS and CYNTHIA L. STEVENS<br><br>PLAINTIFFS<br><br>v.<br><br>DAVIDSON LADDERS, INC., et al.<br><br>DEFENDANTS | CIVIL ACTION NO. C-1-00-901<br>(Spiegel, J.)<br><br>**DEFENDANTS' MOTION TO CANCEL SETTLEMENT CONFERENCE** |

Defendants, Davidson Ladders, Inc., Davidson Ladders Tennessee, Inc., Davidson Manufacturing Corporation, Louisville Ladder Corporation, Louisville Ladder Group, LLC, Cuprum S.A. de C.V., and Emerson Electric Corporation, by counsel, move the court to cancel the settlement conference scheduled for Wednesday, October 13, 2004. Additional discovery, specifically an opportunity for defendants' expert to inspect the accident ladder at the accident site, is necessary before a settlement conference could potentially be meaningful.

Plaintiffs' theory of liability in this case has changed substantially since the beginning of this year and defendants are still working to analyze and respond to plaintiffs' new theory. In early 2004 plaintiff retained new counsel and on March 31, 2004, plaintiffs' new attorneys forwarded a report from a new consultant, Dr. L.D. Ryan. Plaintiffs' initial theory of liability was that the ladder contained a metallurgical defect, but Dr. Ryan's report expresses a new theory regarding an alleged defect in the ladder design.

To respond to Dr. Ryan's report, one of defendants' experts, Mike Van Bree, asked to inspect the accident ladder at the accident site so that he can obtain accurate measurements and understand the ladder's interaction with its surroundings. The accident ladder is currently in the possession of Dr. Ryan in Arkansas. For several months, defendants and plaintiffs have been

trying to reach an agreement regarding shipment of the accident ladder to defendants' expert, Mr. Van Bree, for his inspection. Plaintiffs were unwilling to ship the ladder unless defendants would agree to a stipulation of liability to plaintiffs' allegations in this case if the ladder was lost or damaged in shipment or thereafter. Defendants were not willing to agree to stipulate such liability. However, yesterday the parties reached a tentative compromise on this issue.

In addition, plaintiffs no longer have control of the accident site – the deck of their home at 5146 Mt. View Court, Hamilton, Ohio – because they sold that house some time ago. Defendants have contacted the new homeowners, who were unwilling to agree to the inspection of their deck unless plaintiffs would agree to make repairs to their home. Therefore, defendants will have to issue a subpoena for inspection of the accident site after plaintiffs confirm when they can make the ladder available at the accident site.

Due to this outstanding discovery, defendants are not prepared to make a settlement offer and ask that the court cancel the settlement conference scheduled for Wednesday, October 13. Defendants have contacted plaintiffs' counsel regarding this motion. Plaintiffs' counsel was not able to contact plaintiffs and, therefore, could not state whether they would object to this motion.

s/ Jamie K. Neal
John L. Tate
Jamie K. Neal
STITES & HARBISON
400 West Market Street, Suite 1800
Louisville, Kentucky 40202-3352
Telephone: 502/587-3400

Joseph P. Thomas
Jennifer Jansen Bouchard
ULMER & BERNE, LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202-2409
Telephone: 513/762-6200

COUNSEL FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of October, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Bruce B. McIntosh
Michael Todd McIntosh
MCINTOSH & MCINTOSH PLLC
15 East Eighth Street, Suite 300W
Cincinnati, Ohio 45202

s/ Jamie K. Neal
Counsel for Defendants