UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CLIFFORD STEVENS, et al            :    NO: C-1-00-901

        Plaintiff            :

v.                                 :

DAVIDSON LADDERS, INC., et al      :

        Defendant            :

---

**MOTION FOR EXTENSION OF TIME IN WHICH TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND REQUEST FOR FURTHER SETTLEMENT CONFERENCE**

---

    Now come Plaintiffs, by and through counsel, and respectfully request this Honorable Court to extend the time within which Plaintiffs have to respond to the Defendant's Motion to Exclude Opinion Testimony of L. D. Ryan and Motion for Summary Judgment for the reasons more fully set forth in the Memorandum below. below.

    Respectfully submitted,

    S/    Michael Todd McIntosh
        Reg. #0061523
        Attorney for Plaintiff
        McIntosh & McIntosh, PLLC
        15 E. Eighth Street, Suite 300 W
        Cincinnati, Ohio 45202
        513-929-4040 – Telephone
        513-929-4070 – Fax

## MEMORANDUM

The Defendant's Motion for Summary Judgment was electronically filed on the 1st of December, 2004. According to Rule 7.2(a)(2) S.D. Ohio Civ. R. "A memorandum in opposition shall be served within twenty-one (21) days from the date of the certificate of service attached to the Motion. Hence, Plaintiffs are required to file their opposing Memorandum on the 22nd of December, 2004.

The parties met with this Honorable Court on the 24th of November, 2004. At that time, the Court and the parties worked diligently toward a resolution of this matter. Through that process, the Court indicated its opinion that Twenty-five Thousand Dollars ($25,000.00) should settle this case. The Plaintiffs, at that time, were reticent. The Court, not taking no for an answer, pressed the parties to resolve the matter at Twenty-Five Thousand Dollars ($25,000.00) and it is the recollection of the undersigned that the Defendants did, indeed, offer to resolve this matter at Twenty-Five Thousand Dollars ($25,000.00). At the culmination of the mediation, it was the Plaintiffs' position that they would consider the Twenty-Five Thousand Dollars ($25,000.00), talk with Bruce McIntosh, trial counsel who was not able to be present due to a conflict and attempt to work out the costs and medical liens in this matter to potentially make a Twenty-Five Thousand Dollar ($25,000.00) settlement viable.

Plaintiff's counsel has worked diligently to try to effectuate a settlement at Twenty-Five Thousand Dollars ($25,000.00) which was the Court's recommendation and the Defendants' representation. On the 17th of December, 2004, Plaintiff was able to communicate his acceptance of the Twenty-Five Thousand Dollar ($25,000.00) offer to the Defendants due to that hard work.

Due to Plaintiffs' counsel's maternal grandfather, aged 93, entering into the hospital under emergency circumstances, it was imperative that counsel be called away in the afternoon of the 17th of December, 2004, in order to resolve certain estate concerns for that person. It was not until the morning of December 20th, 2004, that Michael Todd McIntosh received the e-mail and faxed communication by Mr. Tate indicating that it was his belief that he had never made an offer. Mr. Tate indicated in said correspondence that he would take a Twenty-Five Thousand Dollar ($25,000.00) demand to his client and "advocate settlement for that amount".

In truth, this is not the recollection of the Plaintiff.

The parties have heretofore cooperated well in the concourse of this matter. The Plaintiffs have agreed to various extensions of time, including at least two extensions for the settlement conference itself.

The Plaintiffs hereby request an extension of time in which to respond to the Motion for Summary Judgment. This is not interposed for delay but considering Mr. Tate's position as communicated on December 17, 2004, time is requested to make "a demand" of Twenty-Five Thousand Dollars ($25,000.00). As the Court may recall, this was the concern of the Plaintiffs when Mr. Tate initially couched his offer in such a fashion and the Court pressed him to confirm that he had client control and that number would be viable.

The Plaintiffs further request another settlement conference simply between counsel and the Court to determine if we may further resolve this matter with resulting to further litigious activities. Certainly, the Plaintiffs would agree that the Defendants could attend by telephone.

Respectfully submitted,

S/ Michael Todd McIntosh
Reg. #0061523
Attorney for Plaintiff
McIntosh & McIntosh, PLLC
15 E. Eighth Street, Suite 300 W
Cincinnati, Ohio 45202
513-929-4040
e-mail: Todd@McIntoshlaw.com

## CERTIFICATE OF SERVICE

This is to certify that on the 20th day of December, 2004, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following John L. Tate, Jamie K. Neal, Stites & Barbison, 400 West Market Street, Suite 1800, Louisville, Kentuck 40202-3352 and Joseph P. Thomas and Jennifer Jansen Bouchard, Ulmer & Berne, 600 Vine Street, Suite 2800, Cincinnati, Ohio 45202.

S/ Michael Todd McIntosh
Registration #0061523
Attorney for Plaintiff
McIntosh & McIntosh, PLLC
15 E. 8th Street, Suite 300 W
Cincinnati, Ohio 45202
513-929-4040
513-929-4070
Todd@McIntoshlaw.com